BURK ET AL. v. FLURNOY, W. & D. S. LAMME.

AUG. TERM
1835.

Burk et al.
v.
Flournoy & others

| 4 | 116 |
|---|---|
| 146 | 151 |
| 4 | 116 |
| 163 | 532 |

1. Bill in equity—Bill states that executions issued from cir. ct. against A. and were levied on certain lands which were sold by shff., and that B. & C. became the purchasers and afterwards sold to comp'ts. —that A. had before the sale purchased the land of D.—and being in insolvent circumstances, had, to defraud creditors, caused D. to make the deed, before the sale, to A's infant children—Prays that the deed to A's children be set aside and a conveyance made by D. to comp'ts.
2. Held that B. & C. and D. should have been made parties.
3. The judgments were obtained before a J. P. & transcripts filed in the cir. ct. and executions issued by the clerk—Held that it must appear before an Ex'n. could be issued by the clerk, that an ex'n. had been issued by the J. P. and returned nulla bona—and without this proof a decree could not be made against any of the defds.
4 An Ex'n. returned "not satisfied by levying on the property of A. and making $29" insufficient—it must shew that A. had no more goods &c.

Opinion of the court was delivered by McGIRK J.*

Flournoy & Lammes, brought a bill in the circuit court of Clay county, against Burke and his infant children.

The bill charges that in June 1832 certain tracts of land were sold by the sheriff of Clay county on several executions issued from the clerk's office of the circuit court of Clay county against Burke at the suit of several persons, among whom Flournoy was one, and that at the sale Amos Rees, Michael Arthur and David R. Atchison became the purchasers and that the sheriff made a deed to them for the land in due form of law.

The bill farther alleges that afterwards on the 15th of September the purchasers made a deed of conveyance to the complainants for the lands which was in due form of law &c.

The bill farther shews that at the time of the sale of the sheriff, Burke had no legal title to the land. But that before that, Burke had bought the land of one Joshua Broyles for the consideration of four hundred dollars. The bill farther charges that Burke caused Broyles to make a deed of said land to his infant children with a view to defeat and defraud the above named creditors, that when Broyles made said deed, Burke was greatly indebted and in insolvent circumstances.

That he paid for the land out of his Burkes, own money. Then prays that the deed from Broyles to the children may be set aside, and that Broyles may convey the land to the defendants.

Samuel Burke answers the bill, he admits that the land was purchased with his money, but says it was not done

*Marginal note:* Bill in equity— Bill states that executions issued from circuit court against A. & were levied on certain lands which were sold by sheriff, & that B. and C. became the purchasers and afterwards sold to complainants—. that A. had before the sale purchased the land of D—and being in insolvent circumstances, had, to defraud creditors, caused D to make the deed, before the sale, to A's infant children— Prays that the deed to A's children be set aside and a conveyance made by D to complainants.

---

* Wash Judge, absent.

with a view to defraud creditors, but with a view to se-
cure his wife and children in a permanent home: he ad-
mits at the time he made the purchase he was largely in-
debted, but not beyond his means to pay, if his creditors
had been indulgent, as they promised to be, denies all in-
tent to commit fraud &c.

The Guardian of the children denies all knowledge of
the matter. The cause was set down for hearing, the
complainants gave evidence of the execution and judg-
ment &c.

The court decreed that the deed from Broyles was void.
The court farther decreed that Broyles should convey
the land to the complainants by a given time, and if that
were not done then a commissioner should do it.

Held that B. & C.
and D should have
been made par-
ties.

It is objected to this decree, first. that it is erroneous,
in decreeing any thing against Broyles as he was no
party to the suit. This objection is beyond doubt a good
one, Broyles should have been a party; he is not bound
by this decree. It is next objected that Rees, Atchison
and Arthur should have been made parties. This objec-
tion is good also. The rule is that all parties in interest
should be made parties to the suit. This is more appa-
rent when we look to the deed of these persons made to
the complainants; a question may arise on that deed
whether they have conveyed any thing to the complain-
ants. Instead of a decree for the complainants, the bill
should have been dismissed for want of proper parties,
but without prejudice. A question was raised by the ap-

The judgments
were obtained be-
fore a J P and
transcripts filed in
the circuit court
and executions
issued by the
clerk—Held that
it must appear,
before an Exn.
could be issued by
the clerk, that an
Ex'n. had been is-
sued by the J P
and returned nulla
bona—and with-
out this proof a
decree could not
be made against
any of the defds.
An exn. returned
"not satisfied by
levying on the
property of A and
making $29" in-
sufficient—it

pellants with regard to a portion of the evidence. It ap-
pears the judgments on which these executions issued,
were obtained before a justice of the peace, and that a
transcript had been filed with the Clerk of the circuit
court, and that on this transcript the executions issued.
The act of the general assembly authorises this to be
done, but it requires that before any execution can issue
on the judgment thus filed in the clerk's office an execu-
tion shall have issued from the justice, and returned no
goods to be found.

In this case the only evidence of the facts were found
on the justices' docket or transcript, which says an exe-
cution had issued, and that the constable returned not
satisfied by levying on the property of Burke and making
some $29—the return does not shew that the defendant
Burke had no more goods &c. The law is express that
no execution can go from the clerk's office till a return of
*nulla bona* is made to an execution issued by the justice.

There being no proof on this subject the decree could

not be made against any of the defendants. As to the manner of making this proof, see the cause of Coons v. Munday 3rd vol. Mo. R. 373.

The decree of the circuit court is reversed, the cause is remanded for further proceedings and with leave to amend the bill.

<div style="text-align:right">

AUG. TERM
1835.

must shew that A had no more goods &c.