## JOHN W. SHEEHY *vs.* HENRY HINDS.

### October 9, 1880.

**Tax Deed under Gen. St. 1866, as Evidence of Title.**—*Greve* v. *Coffin*, 14 Minn. 345, followed, as to the effect of a tax deed which purports to have been executed under Gen. St. 1866, *c.* 11, § 139, as *prima facie* evidence of title, where it is not shown that the land sold had not been redeemed when the deed was made. To give a tax deed made under that section any effect as *prima facie* evidence of title in the grantee, it must show upon its face, by some recital or otherwise, that the sale which was made was for taxes that had become due and delinquent, and were unpaid at the time of the sale.

**Tax Sale not held pursuant to Notice.**—A delinquent tax sale under the provisions of that chapter, commenced on a day other than that named in the public notice of sale attached to the delinquent list, is void.

**Tax Deed void on its Face—Statute of Limitations.**—The provisions of section 154 of that chapter have no application to the case of a claim of title founded upon a tax deed which is void upon its face.

. Plaintiff. brought this action in 1876 in the district court for Scott county, alleging that he was the owner in fee and in possession of a certain described quarter-section of land in that county, that the defendant claimed some interest therein adverse to the plaintiff, and that such claim was unfounded, and praying judgment that defendant's claim be determined to be unfounded, and that the defendant be barred of and enjoined from setting up any claim thereto, and that plaintiff's title and possession be quieted. The defendant answered, pleading title in fee in himself by virtue of certain tax proceedings, sales and deeds, and also pleading that the action was not commenced within three years after the respective sales. At the trial before *Macdonald*, J., the plaintiff was permitted, under objection and exception, to amend his complaint by striking out the averment of possession, and inserting in lieu thereof an averment that the premises "are vacant and unoccupied." The plaintiff proved title in fee in himself from the United States, and the defendant put in evidence his tax deeds, etc. Upon the findings of the court, judgment was entered for plaintiff, and the defendant appealed. The facts in relation to defendant's tax deeds are stated in the opinion.

*Henry Hinds*, appellant, *pro se.*

*William Louis Kelly*, for respondent.

· CORNELL, J. Defendant claims title to the premises in controversy as the owner in fee under certain tax deeds, set forth in his answer, the validity of which he insists cannot be impeached or questioned, because more than three years have elapsed since the tax sales occurred in pursuance of which the deeds were executed. It appears that the premises were first sold in separate parcels, of 40 acres each, for taxes levied for the year 1867, on the fourth day of June, 1868; that certificates of sale were then given to the defendant as purchaser, who afterwards, on the eighth day of May, 1876, surrendered the same to the county auditor, and took tax deeds therefor. According to the findings, it is not shown that the

premises had not been redeemed from the sale prior to the execution of these tax deeds, and, within the decision in *Greve* v. *Coffin*, 14 Minn. 345, they are not even *prima facie* evidence of any title in the defendant.

The other sale upon which defendant's claim of title rests took place on the eleventh of June, 1870, and the tax deeds which were executed in pretended pursuance thereof were made and delivered on the eighth day of May, 1876. These deeds were alike in form. They each, among other things, recite that the treasurer of Scott county "did, on the eleventh day of June, A. D. 1870, at, etc., in conformity with all the requirements of the several acts in such cases made and provided, expose to public sale the tract of land" therein described, for the sum of $8.56, being the amount of taxes for the year 1869, with interest and costs chargeable on said tract of land, and that the said defendant bid off the same for that sum, which he paid to the said treasurer. These recitals wholly fail to show any authority in the county treasurer to make the sale which he did. Under the statutes then in force (Gen. St. 1866, *c.* 11) no county treasurer had any authority to sell land for taxes, except the same had become delinquent, and the owner of the land had failed to make payment thereof, with the accrued penalty, prior to the time of offering it for sale. Gen. St. 1866, *c.* 11, §§ 118–122. Upon the face of the deeds in question it is not apparent that the taxes for which the lands were sold were delinquent and unpaid at the time, or that the sale was made because of such delinquency and non-payment. As the deeds do not recite enough to show any authority to sell, they do not show any authority in the county auditor to make them, and hence are wholly ineffectual as evidence of any title in the defendant. *Cogel* v. *Raph*, 24 Minn. 194.

It is also established as a fact, by the findings, that the delinquent tax sale at which the lands in question were sold was noticed for the first Monday of June, but that the sale itself actually commenced on the eleventh day of that month.

This of itself rendered the sale void. Cooley on Taxation, 338; *Prindle* v. *Campbell,* 9 Minn. 197 (212.) The sale itself being void, and the deeds being insufficient to make a *prima-facie* case of title in the defendant, the question discussed as to the effect of the statute of limitations provided by section 154 of said chapter 11 of the General Statutes does not arise, as nothing is shown to have occurred to set the statute in motion. The answer contains no counterclaim requiring a reply. *Broughton* v. *Sherman,* 21 Minn. 431. The amendment to the complaint was a matter in the discretion of the court, and it is difficult to see how the defendant was prejudiced by it. That under it he could not interpose any claim of lien for taxes is unimportant, for he had made no claim of that character, and it does not appear that he desired to.

Judgment affirmed.