## MASON *et al.* v. CROWDER, *Appellant.*

1. **Sale of Land for Taxes :**   VOID DEED.   Land offered for sale for taxes and forfeited to the state for want of bidders could not, under the revenue law of 1872 (W. S. chap. 118), be sold again on the same day, and where a tax deed shows that it was so sold, it is void on its face.

2. **Judicial Notice.**   A court will take judical notice of the fact that the first Monday in October, 1873, was the sixth of October of that year.

3. **Land, Sale for Taxes :**   SPECIAL STATUTE OF LIMITATIONS.   The three years' special statute of limitations (W. S., sec. 221, p. 1207), in cases of land sold for taxes, is no bar to a recovery by the former owner where the purchaser has not been in possession three years after the recording of the tax deed and before the commencement of the action against him.

### On Re-hearing.

**Tax Deed Void on its Face :**   LIMITATIONS.   A tax deed void on its face will not set such special statute of limitations in motion.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

**AFFIRMED.**

Mason et al. v. Crowder.

*Shanklin, Low & McDougal* for appellant.

(1) The tax deed divested title out of the respondent's ancestor. 2 W. S. Title Revenue, secs. 195, 217, 219 and 241; 12 U. S. Rev. Stat. at Large, 640; *De Feville v. Smalls*, 98 U.. S. 517; *Keely v. Sanders*, 99 U. S. 441. (2) The tax deed is valid; it complies in substance with the requirements of the statute (sec. 217, *supra*), which prescribes the form of the deed is merely directory. Sedg. on Stat. and Const. Law (2 Ed.) 319; *Abbott v. Sartori*, 11 N. W. Rep. 626; *McKane v. Weller*, 11 Cal. 49; *City of Cape Girardeau v. Riley*, 52 Mo. 424; *Pacific Ry. v. Governor*, 23 Mo. 353; *St. Louis v. Foster*, 52 Mo. 513. (3) The tax deed, even if void, is still sufficient in law to give defendant title under the special three years' statute of limitations. 2 W. S. 1207, secs. 221 and 222; *Ry. Co. v. Allfree*, 20 N. W. Rep. 779; *Galling v. Lane*, 22 N. W. Rep. 453; *Young v. Hosack*, 2 Pa. (2 Pen. & Watts) 162; *Pillow v. Roberts*, 13 How. 477; *McMilhan v. Wehle*, 13 N. W. Rep. 694. "Color of title is that which in appearance is title, but which in reality is no title." 14 Am. Dec. 580, and note. See, also, *Crispen v. Hannavan*, 50 Mo. 546; *Jackson v. McGruder*, 51 Mo. 55; *Rannells v. Rannells*, 52 Mo. 108; *Hamilton v. Boggess*, 63 Mo. 233; *Long v. Higgenbottom*, 56 Mo. 245; *H. & St. Jo. Ry. v. Clark*, 68 Mo. 471; *Burkhalter v. Edwards*, 16 Ga. 593; *Walls v. Smith*, 19 Ga. 8; *Pillow v. Roberts*, 13 How. (U. S.) 472. (4) The special statute of limitations is constitutional. *Kendall v. United States*, 12 Pet. 609; *Hamilton v. St. Louis*, 15 Mo. 23; *Georgia v. Stanton*, 6 Wall. 50; *Bennet v. Boggs*, 1 Bald. 74; *Gibbony v. City of Cape Girardeau*, 58 Mo. 141; *Carson v. Hunter*, 46 Mo. 467; *Terry v. Anderson*, 95 U. S. 628; *Adamson v. Davis*, 47 Mo. 268; *High v. Shoemaker*, 22 Cal. 363; *McMillan v. Anderson*, 5 Otto, 37.

*Wm. M. Rush, Jr.*, and *Smith & Krauthoff* for respondents.

(1)    The collector's deed is not sufficient *prima facie* to convey the title to the defendant.    It is not in the form prescribed by the statute.    W. S., 1872, p. 1205, sec. 217. The collector had no right to re-sell at public sale until October, 1874, but the deed recites that the land was for-forfeited and re-sold at the October sales in 1873.    Where a statute prescribes a form for a tax deed, the form be-comes of substance, and unless it is followed the deed is void.    Blackwell on Tax Titles, sec. 5, p. 368; *Atkins v. Kirman*, 20 Wend. 249; *Williams v. Payton*, 4 Wheat. 77; *Williams v. Lanahan*, 67 Mo. 499.    (2) The deed is void on its face, and will not set the three years' statute of limitations in motion.    W. S., p. 1205, sec. 221; *Moore v. Brown*, 11 How. 414; Blackwell on Tax Titles, 572, 573; *Pack v. Crawford*, 29 Ark. 480; *McClair v. Cork*, 15 Wis. 446; *Wakely v. Mohr*, 18 Wis. 321; *Cutler v. Hurlbert*, 29 Wis. 152; *Shoal v. Walker*, 6 Kan. 65; *Lain v. Shephardson*, 18 Wis. 59; *Grimm v. O'Connell*, 54 Cal. 522; *Hubbell v. Campbell*, 56 Cal. 527; 3 Washb. Real Prop. (4 Ed.) sec. 21, p. 227; *Douglass v. Wilson*, 31 Kas. 565; *Woodman v. Davis*, 32 Kas. 344; *Sutton v. Stone*, 4 Neb. 319; *Cogel v. Ralph*, 24 Minn. 194.    The tax sale and deed being unauthorized and void, they could give no rights whatever to the purchaser; they were as ineffectual to give a seizure as to convey title. *Wallingford v. Fiske*, 24 Me. 386; *Wofford v. McKinna*, 23 Tex. 36; *Johnson v. Elwood*, 53 N. Y. 431; Burroughs on Taxation, 342.    (5) Statutes of limitations work on the basis of a possession, and where they undertake to transfer a title by lapse of time, without possession being taken, they are unconstitutional.    *Harding v. Butts*, 18 Ill. 502; *McBee v. Loftus*, 1 Strobh. Eq. 90; *Potts v. Gilbert*, 3 Wash. C. C. 475; *Robinson v. Lake*, 14 Ia. 421; *Shaw v. Alexander*, 32 Miss. 228; *Johnson v. Arnold*, 2 Jones' Law, 58; *Jackson v. Huntley*, 5 Johns. 58; *Jackson v. McKee*, 8 Johns. 429; Blackwell on Tax Titles, 16–26.

HOUGH, C. J.—This is an action of ejectment for eighty acres of land in Daviess county. William B. Mason was the patentee of said land, and died seized thereof in 1859, and the plaintiffs are his sole heirs at law. The defendant claims title under a tax deed from the collector of Daviess county, executed on the fourteenth day of March, 1876, and recorded on the same day, and purporting to have been made in pursuance of a sale by the collector in October, 1873, for the taxes of 1872. The defendant went into possession in the spring of 1877, and this suit was brought on the twenty-eighth of July, 1879, more than three years after the tax deed was recorded, but in less than three years after the defendant entered into possession.

The statute applicable to this suit provides that "any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes (except in cases where the taxes have been paid, or the land was not subject to taxation, or has been redeemed, as provided by law), shall be commenced within three years from the time of recording the tax deed, and not thereafter." W. S., p. 1207, sec. 221. It is further provided by the same act that "any person hereafter putting a tax deed on record in the proper county, shall be deemed to have set up such a title to the land described therein as shall enable the party claiming to own the same land to maintain an action for the recovery of the possession thereof against the grantee in deed, or any person claiming under him, whether such grantee or person is in actual possession of the land or not." W. S., p. 1207, sec. 222.

To avoid the limitations contained in section 221, the provisions of which were specially pleaded by the defendant, the plaintiffs contend that the deed under which the defendant claims does not conform to the require-

ments of the statute, but is void on its face, and, there-
fore, not such a deed as will set in motion the special
statute of limitations relied upon by the defendant. It
appears, from the deed offered in evidence, that judg-
ment was duly rendered at the July term, 1873, of the
Daviess county court for the taxes of 1872, and that in
pursuance of said judgment, on the sixth day of October,
1873, said land was offered for sale, but remained unsold
for want of bidders, and was, therefore, forfeited to the
state.    The deed further recites that "the description of
said real estate, together with the taxes, interest and
costs due thereon, as contained in said precept, were, by
the clerk of the county court, duly entered and recorded
in the forfeited list book of said county; and, whereas,
said real estate was not redeemed according to law, dur-
ing the two years immediately succeeding the date of said
forfeiture to the state of Missouri; and, whereas, the col-
lector of said county having given at least four weeks'
public notice by publication in the *North Missourian*, a
newspaper published in the county of Daviess, in said
state, said newspaper being the newspaper having the
greatest circulation in said county, and by posting up at
least twenty written or printed hand-bills in twenty public
places in said county, setting forth that all lands and
town lots forfeited to the state for taxes and remaining
unredeemed and unsold, would be, on the first Monday of
October then next, offered for sale at public auction, at
the court-house, in said county, and that a list of such
forfeited real estate was then kept in the office of the
clerk of the county court of said county, subject to the
inspection of all persons wishing to examine the same,
did, on the first Monday in October, in the year 1873, at
the hour of ten o'clock a. m., at the court-house, in the
city of Gallatin, in said county, proceed to publicly offer
for sale all tracts of land and lots contained in said for-
feited list then unredeemed, and among such tracts the
above described real estate, for the taxes, interest and

costs severally due thereon; and, whereas, at said forfeited list public sale Thomas B. Crowder became a purchaser," etc., etc.

We will take judicial notice of the fact that the first Monday in October, 1873, was the sixth day of October, 1873. It will be seen, therefore, from the recitals in the deed that the land in controversy was, after being forfeited to the state, again publicly sold on the same day to the defendant. This sale being not only without authority of law, but contrary to positive provisions of the statute, and without even a color of right, was a nullity, and the deed made in pursuance of such sale, is void upon its face. It is contended by the defendant, however, that, although the deed may be void, yet, under numerous decisions in this state and elsewhere, it constitutes color of title, and being recorded, is sufficient to set the special statute of limitations of three years in motion.

Under a statute of Wisconsin similar to section 221, *supra*, of our law, it has been held by the Supreme Court of that state that an action cannot be maintained by the original owner of land sold for taxes, against one who has been in possession of it for three years, claiming title in good faith under the tax deed, although the deed is void upon its face. *Edgerton v. Bird*, 6 Wis. 527; *Sprecker v. Wakeley et al.*, 11 Wis. 432; *Lindsay et al. v. Fay*, 25 Wis. 460; *Ocanto Co. v. Jerrard*, 46 Wis. 326; *McMillan et al. v. Wehle et al.*, 55 Wis. 685. But in the case last cited it was expressly decided that to make the limitation of three years prescribed by the statute available to persons claiming title under a void tax deed, actual and adverse possession of the land must have been taken and held during the three years next after the recording of the tax deed. Adopting these decisions as expressing the true construction of section 221 of our statute, and the plaintiff's action was not barred, as the

defendant had not been in possession three years when this suit was instituted.

Nor can the construction thus placed upon section 221, be modified or affected by section 222, which declares that a person putting a tax deed on record shall be deemed to have set up such a title to the land described therein as will authorize a suit against him or his assigns, although he or they may never have taken possession under such deed. The deed contemplated by this section is manifestly such a deed as is *prima facie* good and sufficient to carry the title, and even when so construed the constitutionality of such an enactment is exceedingly questionable. Such a law cannot properly be called a limitation law, and "a person who has a lawful right and is actually or constructively in possession, can never be required to take active steps against opposing claims." *Groesbeck v. Seeley*, 13 Mich. 329; *vide Spurlock v. Dougherty*, 81 Mo. 171. The judgment of the circuit court, which was for the plaintiff, will be affirmed. The other judges concur.

## On Re-hearing.

HENRY, C. J.—The conclusion reached in the opinion heretofore delivered in this cause is adhered to; but wherein it holds that a tax deed, void upon its face, constitutes color of title, and when recorded sets the special statute of limitations of three years in motion, if the purchaser takes and holds continuous possession under it for the period of three years before the institution of a suit by the legal owner to recover possession, is retracted. The special statute of limitations has no application except where the tax deed is valid upon its face.

We are aware that the cases in the Wisconsin reports, cited in the former opinion, sustain the contrary view, but several respectable courts hold the doctrine herein announced. *Moore v. Brown*, 11 Howard (U. S.) 414;

*Taylor v. Miles,* 5 Kas. 498; *Hubbard v. Johnson,* 9 Kas. 633; *Shoat v. Walker,* 6 Kas. 65; *Hall's Heirs v. Dodge,* 18 Kas. 277; *Larkin v. Wilson,* 28 Kas. 573; *Woofford v. McKinna,* 23 Tex. 36; *Kilpatrick v. Sisneros, Ib.* 114; *McGavock v. Pollack,* 13 Neb. 538; *Sutton v. Stone,* 4 Neb. 319; *Towle v. Holt,* 14 Neb. 225; *Cogel v. Raph,* 24 Minn. 194; *Sheehy v. Hinds,* 27 Minn. 259. It has been held in many cases that even a void tax deed constitutes color of title under the general statute of limitations, but the question of color of title does not arise under the special statute in question. The limitation is not based upon adverse possession. Judgment affirmed. All concur.