CHARLES K. SHERBURNE *vs.* JOHN H. RIPPE.

October 1, 1886.

**Judgment—Lien—Return of Execution "Unsatisfied."**—Under Laws 1862, c. 27, a sheriff's return upon an execution, merely that the same was "*unsatisfied,*" had not the effect of a return that no property could be found for its satisfaction, so as to preserve the lien of the judgment beyond five years.

**Tax Deed under Gen. St. 1866—Validity.**—*Sheehy* v. *Hinds,* 27 Minn. 259, (6 N. W. Rep. 781,) followed as to the insufficiency, as evidence of title, of tax deeds (under Gen. St. 1866, c. 11, § 139,) which did not show upon their face that the sale was for taxes which were delinquent and unpaid.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried by *Young,* J., without a jury.

*Byers & Augir,* for appellant.

*Smith & Reed,* for respondent.

DICKINSON, J.[1]　This is an action under the statute to determine the adverse claim of the defendant to the land in controversy, which at the time of the commencement of the action was vacant and unoccupied.　On the 24th day of September, 1858, one John G. Sherburne owned the land in fee.　On that day a judgment for the recovery of money was recovered and docketed in the district court in favor of one Wright, and against John G. Sherburne and another, and the lien thereof attached to this land.　On the same day execution was issued on the judgment, which execution was returned in December following, with this return indorsed thereon: "Unsatisfied. E. LIPPINCOTT, Sheriff, by W. T. PERKINS, Deputy."　On the twenty-seventh day of September, 1858, John G. Sherburne and wife conveyed the land, by warranty deed, to certain parties, who in the following year conveyed the same by quitclaim deed to this plaintiff, both deeds being duly recorded.　By virtue of such conveyances the plaintiff claims title.

[1]Vanderburgh, J., did not sit in this case, having been professionally interested in some of the proceedings involved therein.

In December, 1863, more than five years after the entry of the judgment against John G. Sherburne, an *alias* execution was issued thereon, which was levied upon this land, and, after due notice, the same was sold to the judgment creditor, Wright; and in 1881, no redemption having been made, whatever interest Wright had thus acquired was conveyed by deed to the defendant. This constitutes one source of the defendant's claim of title.

The defendant also claims title through two tax deeds, executed by the county auditor in 1867 and in 1868 respectively, for the taxes of 1863 and 1865 respectively, and by subsequent conveyance from the grantee in such tax deeds to the defendant. Such tax deeds, after reciting the tax sales as being made respectively on June 21, 1864, and June 7, 1866, and the sums for which the sales were made, contained the further recital: "Said sums being the amount of taxes for the year, [stated,] and costs due on said tracts respectively."

We consider, first, the claim of title derived through the execution sale. By chapter 27, Laws 1862, section 80, chapter 71, Rev. St. 1851, (Pub. St. 1858, p. 567,) was amended so as to read as follows: "The party in whose favor judgment is given, may, at any time within five years after the entry thereof, proceed to enforce the same as provided by statute; but when no execution shall have been issued and levied, or returned no property found, within five years from the time of the entry of judgment, the lien of the judgment shall be determined, and the property of the judgment debtor discharged therefrom."

This act being applicable to judgments rendered prior to its passage,—*Burwell* v. *Tullis*, 12 Minn. 486, (572;) *Davidson* v. *Gaston*, 16 Minn. 202, (230;) *Lamprey* v. *Davidson*, 16 Minn. 435, (480,)— the question arises whether the issuing and return of the first execution was effectual to preserve the lien of the judgment after the expiration of five years from the time of the entry of the same. The return of the officer upon the execution, "Unsatisfied," was not equivalent to a return that the defendant had no property, personal or real, out of which the amount specified in the execution, or any part of the same, could be collected; nor can it be construed as having the effect of such a return. The presumption in favor of the right-

fulness of the conduct of the officer does not aid to supply an inference that the reason for returning the execution unsatisfied was that no property could be found, since the officer might rightfully return the writ unsatisfied for various reasons other than that. He might, for instance, rightfully return it without satisfaction, if he were directed by the judgment creditor so to do; or if proceedings under the writ were stayed, as by appeal or by injunction. The reason for the non-satisfaction of the writ ought to appear in the return equally whether it be that no property could be found, or that the officer had been required to forbear its execution. Therefore the absence of any assigned reason for such a return does not supply an inference as to what the reason may have been. The most that can be inferred from this return is that, for some sufficient reason, the writ was not satisfied. It is not to be inferred that it was so returned because no property could be found subject to execution. *McDowell* v. *Clark*, 68 N. C. 118; *Burke* v. *Flournoy*, 4 Mo. 116; *Harman* v. *Childress*, 3 Yerg. 326; *Munk* v. *Cass*, 9 Dowl. 332; *Union Bank* v. *Barnes*, 10 Humph. 243.

While the statute above recited does not prescribe any particular form for the return, it does require, (no levy having been made,) as a condition to the continuance of the lien of the judgment, a return to the effect that no property could be found out of which the execution could be satisfied, in whole or in part. The failure for any other reason to secure satisfaction would not fulfil the condition of the statute. The return was therefore insufficient to continue the lien of the judgment.

The defendant offered to show by the deposition of the officer that the execution was returned unsatisfied because he could not find any property of the judgment debtor's with which to satisfy it. This was properly rejected. By the statute, *the return* "no property found" is made to determine whether the lien of the judgment shall continue. There being no such return, the fact that there was no property subject to the execution would not affect the question under consideration. *Flint* v. *Webb*, 25 Minn. 263.

The lien of the judgment upon the land in controversy having expired prior to the issuing of the *alias* execution, and the land having

been conveyed by the judgment debtor, the title which had then passed to this plaintiff was unaffected by the sale under that execution.

The tax deeds offered to show title in the defendant are subject to the same defects as was that which, in *Sheehy* v. *Hinds*, 27 Minn. 259, (6 N. W. Rep. 781,) was declared to be of no effect as evidence of title. We discover no important difference, either in the statutes or in the deeds, distinguishing the case here presented from that cited. In this case, as in that, there was no authority for the sale of lands for taxes merely "chargeable," (the language of the recital in the deed considered in *Sheehy* v. *Hinds*,) or "due," (the language of the deeds in question.) To authorize a sale, there must have been default in the making of payment within the period which the law prescribed for that purpose, and during which the tax duplicate was required to be in the hands of the treasurer for collection. The tax must have been not merely "due," but delinquent. That decision is of controlling force as respects the sufficiency of these deeds. *Sheehy* v. *Hinds* is also decisive of the further point made as to the statute of limitations. No *prima facie* title was shown upon which the statute could operate.

Upon all the questions involved, our decision is in accordance with that of the learned judge who tried the cause, and the judgment must be affirmed.