JOHN B. GILFILLAN *vs.* JESSE B. CHATTERTON, impleaded, etc.

April 30, 1888.

**Taxes—Requisites of Tax Deed prior to 1874.**—A tax deed, under the law prior to 1874, in order to be valid on its face, must state in some form that the tax was delinquent.

**Same—Recitals held Insufficient.**—*Sheehy* v. *Hinds,* 27 Minn. 259, to the effect that a recital in a tax deed that the tax was chargeable is not equivalent to a statement that it was delinquent, followed; and also *Sherburne* v. *Rippe,* 35 Minn. 540, to the effect that a recital that the tax was due does not show it delinquent, followed.

**Same—Requisites of Sale under Laws 1881, c. 135.**—No right could be acquired by the state to land, under the judgment for taxes provided for in Laws 1881, *c.* 135, unless it was offered for sale as provided in section 4. The provisions of section 9 contemplate that the land remains unsold after it has been so offered.

Appeal by defendant Chatterton (impleaded with Charles W. Hobart) from a judgment of the district court for Hennepin county, where the action was tried before *Young,* J., and a verdict directed for plaintiff. The action was ejectment, and the land in dispute the same as that in *Gilfillan* v. *Hobart,* 34 Minn. 67, and 35 Minn. 185.

*D. A. Secombe,* for appellant.

*Gilfillan, Belden & Willard,* for respondent.

GILFILLAN, C. J. The action is in ejectment. As presented on this appeal, the defence rests on two tax deeds,—one purporting to

have been made in 1866, on a forfeiture for want of bidders at the
sale for the taxes of 1862, and one to have been made in 1873, on a
sale for the taxes of 1867, 1868, 1869, and 1870,—and on another
tax deed, purporting to have been made in 1884, upon a judgment
under chapter 135 of the Laws of 1881.    The questions in the case
arise on the rulings of the court below sustaining objections to these
several deeds, made when they were offered in evidence on the trial.
The objection to each of them was that it is void on its face.

The specific objection to each of the first two is that it does not
show the taxes to have been delinquent, and consequently does not
show any authority to make a sale or declare a forfeiture.    Accord-
ing to the law under which the proceedings resulting in those two
deeds were had, a tax deed is void on its face, unless it shows that
there was authority to make the sale,—unless it shows that the taxes
were delinquent.    *Cogel* v. *Raph*, 24 Minn. 194; *O'Mulcahy* v.
*Florer*, 27 Minn. 449, (8 N. W. Rep. 166;) *Sheehy* v. *Hinds*, 27 Minn.
259, (6 N. W. Rep. 781;) *Sherburne* v. *Rippe*, 35 Minn. 540, (29 N.
W. Rep. 322.)    Of course, there could be no forfeiture to the state
except upon failure to sell for want of bidders, upon an offer at an
authorized sale.    The fact of delinquency is not stated in either of
the two deeds, nor are any facts recited which are necessarily equiv-
alent to a statement of delinquency.    There are facts recited from
which we are asked to infer or spell out that the taxes were delin-
quent.    The suggestion is urged upon us with a good deal of force;
and, if the question were now open, the arguments might be entitled
to much weight.    But in the case of each deed the recital relied upon
has been construed by this court.    As the decisions we refer to con-
stitute a rule of property, on the faith of which real estate may have
been bought and sold, we are bound to adhere to them.    In the first
of the two deeds, the recital is: "Said sums being the amount of
taxes for the year 1862 with the costs *chargeable* on said tracts of
land."    In *Sheehy* v. *Hinds, supra,* a precisely similar recital was
held not sufficient to show the tax delinquent.    In the second deed
the recital is: "Being the amount of taxes for the years above speci-
fied and costs *due* on said tracts."    In *Sherburne* v. *Rippe*, 35 Minn.
540, (29 N. W. Rep. 322,) the recital was the same, but the court held

it insufficient. The decisions we have referred to dispose of those two deeds. They were void on their face.

As to the third deed, it appears that in 1879 judgment against the land was rendered for the tax of 1878. Under it, the land was exposed to sale, and bid in for the state; and the right of the state was assigned, September 15, 1881, to Byers & Augir. In 1881, but at what date does not appear, judgment in proceedings under chapter 135 of the laws of that year was rendered against the land for the taxes of 1878, 1879, and 1880. The deed recites this judgment, its non-payment, the notice of sale, and that the lands were not offered for sale; that there has been no redemption from the judgment; and that the state auditor has directed the land to be disposed of at private sale. It also recites, as a reason why the land was not offered at the sale, that before the sale, and in September, 1881, the right acquired by the state at the sale of the lands in September, 1879, for the taxes of 1878, was assigned by the county auditor; and the taxes for 1878, 1879, and 1880 were paid into the county treasury by the assignee and purchaser. The state acquired no right to the land by virtue of this judgment. We find no provision in the act of 1881 authorizing the county auditor to abstain, for any reason except payment of the judgment, from offering any lands on which it rests, for sale in the manner provided in section 4 of the act. And it is only parcels remaining unsold after such offers that are to be disposed of in the manner provided in section 9. The latter section clearly contemplates a sale and offers of each parcel, as provided in section 4. This deed rests solely on the judgment of 1881, and what was done or omitted to be done under it. As it cannot be sustained under that judgment, it must fall. There is therefore no need to consider how the act of 1881 affected the right to take an assignment of the right acquired by the state under the judgment and sale of 1879.

Judgment affirmed.