HENRY J. TAYLOR *vs.* WINONA & ST. PETER RAILROAD COMPANY.

December 17, 1890.

U. S. Town-Site Act — Deed by Judge as Trustee — Presumption of Regularity, etc.—Where the judge who holds land under the United States town-site act, in trust for the occupants, executes an official deed for a part of it, the presumption obtains that he did his duty in all respects by compliance with all the statutory prerequisites, and that he conveyed it to the proper party; and one not a beneficiary of the trust, but a mere stranger to the title, cannot litigate or call in question the validity or regularity of the deed in those respects.

Same — Deed before Patent Issued — Effect of Subsequent Patent.— As soon as the land is entered, the trustee may proceed to execute the trust by giving deeds to the beneficiaries, although the patent from the United States has not been yet issued. When issued, the patent relates back to the date of the entry, and no further deed from the trustee after its issue is necessary to vest title in such beneficiaries.

Same—Proof of Official Character—Recital in Deed.—But it must appear that the judge was trustee; that is, had already entered the land when he executed the deed. And a recital of that fact in the deed itself is not evidence as against a stranger to the instrument.

Tax Deed under Laws 1862, c. 4.—To render a tax-deed, issued under Laws 1862, *c.* 4, *prima facie* evidence of title, it must be one that is regular on its face.

Limitation of Action.—*Baker* v. *Kelley*, 11 Minn. 358, (480,) as to the construction and effect of said chapter 4, adhered to and followed. Cause remanded for new trial on the issue as to the date of the entry of the land in suit.

Appeal by defendant from an order of the district court for Blue Earth county, refusing a new trial after a trial before *Severance, J.*, (a jury being waived,) and judgment ordered for plaintiff.

*B. S. Lewis* and *Wilson & Bowers*, for appellants.

*Spencer, Washburn & Shoemaker*, for respondent.

MITCHELL, J. This was an action to recover possession of certain real estate of which plaintiff alleged himself to be the owner in fee. The defendant, which entered into possession in September, 1888, denied plaintiff's title, and alleged title in itself. The plaintiff claims the patent title under an entry of the land by Judge Chatfield as the site of the town of Mankato, under the town-site act of May 23, 1844, (Rev. St. U. S., tit. 32, *c.* 8,) and a deed from Chatfield purporting to have been executed by him as trustee, in pursuance of the territorial act of March 3, 1855, (Laws 1855, *c.* 7; Gen. St. 1878, *c.* 42,) regulating official trusts relating to town-sites. The defendant rests its claim of title solely upon a tax-deed, purporting to be issued under a sale for taxes on March 17, 1863, pursuant to Laws 1862, *c.* 4. The plaintiff introduced in evidence a patent, dated October 1, 1860, from the United States to Chatfield, as trustee, which recites the fact of an entry by him under the town-site act, but does not state the date of the entry. The plaintiff also introduced a deed, dated November 15, 1856, from Chatfield to one Shindell, (through whom plaintiff claims by mesne conveyances,) purporting to have been executed by him as trustee, pursuant to the provisions of the statutes

above cited. This deed contains a recital that Chatfield entered the land under the town-site act on May 5, 1856.

Defendant's contention is that it was incumbent on plaintiff to prove *dehors* the deed that Shindell was the party for whom Chatfield held the premises in trust, or, in other words, the party entitled to a deed; also that all the steps required by the statute as prerequisites to the executing of a deed had been taken or had. In this we think the defendant is wholly in error. The execution of a deed to a part of a town-site by the judge, who is trustee for that purpose, is analogous to the grant of a patent by that department of the government whose province it is to supervise the various steps necessary to be taken to obtain title. The execution of a deed by the judge is in the nature of an official declaration and determination by him that all the requirements preliminary to the execution of a deed have been complied with, and that the person to whom it is issued is the person entitled to it. The doctrine of presumptions in favor of official acts obtains,—that the judge did his duty in all respects, and had required the grantee to show by legal proofs that he was the party entitled to a deed, and that he had complied with all the necessary prerequisites to its execution. Moreover, when a trustee in whom is vested the land constituting a town-site, in trust for the occupants, has executed a deed of a parcel of such land to one claiming to be a beneficiary of the trust, no one who is not a beneficiary of the trust, but a mere stranger to the title, as is the defendant here, can call in question the validity or regularity of such conveyance, or, by subsequent intrusion upon the possession, acquire any right to inquire into or litigate the question whether all the steps required by law were taken, or whether the party to whom the deed was executed was the person entitled thereto. *Anderson* v. *Bartels,* 7 Colo. 256, (3 Pac. Rep. 225;) *Murray* v. *Hobson,* 10 Colo. 66, (13 Pac. Rep. 921;) *Chever* v. *Horner,* 11 Colo. 68, (17 Pac. Rep. 495;) *Mathews* v. *Buckingham,* 22 Kan. 166; *Ming* v. *Foote,* (Mont.) 23 Pac. Rep. 515; *Whittlesey* v. *Hoppenyan,* 72 Wis. 140, (39 N. W. Rep. 355;) *Smelting Co.* v. *Kemp,* 104 U. S. 636; *Cofield* v. *McClelland,* 16 Wall. 331–334. The rule contended for by the defendant would not

only be against all precedent, but would lead to the gravest practical evils. If mere intruders or strangers to the title under the trust could compel the party holding under the trustee in every suit for possession to prove that the grantee was the beneficiary of the trust, and that the trustee had complied with all the requirements of the statute, then, of all titles, those under these town-site entries would be the most uncertain and unreliable; and the lapse of time would only render them more so, because of increasing difficulty in making proof of the facts.

Whatever may be *said* in *Coy* v. *Coy,* 15 Minn. 90, (119,) and *Village of Mankato* v. *Meagher,* 17 Minn. 243, (265,) cited and relied on by defendant, there is nothing *decided* in those cases at all in conflict with the views here expressed. In each of those cases both parties claimed under the trust for which the town-site entry was made. In the first case, the plaintiffs claimed that they, and not the defendant, were the beneficiaries to whom the trustee's deed should have been executed; and, in the second case, the village claimed under a dedication by the "town-site proprietors," whom earlier decisions of this court had held to be the beneficiaries of the trust.

. And, if the entry was in fact made by the judge before the execution of the deed to Shindell, it is wholly immaterial that the patent from the United States was not issued until afterwards. Where the conditions entitling the occupants to have the entry made are fully complied with, and when such compliance is made to appear by proper proof, they acquire the equitable right to the land, and are entitled to have the trust executed in their favor. The patent is merely the evidence of the right previously acquired, and when issued relates back to the date of the entry, and no further or other deed from the judge after its issue is necessary. *Leech* v. *Rauch,* 3 Minn. 332, (448.)

What we have said is upon the assumption that the entry by the judge had been made before he executed the deed to Shindell, or, in other words, that he was in fact a trustee at the time he executed it. The execution of the trust by him presupposes the fact of his trusteeship, and this is not one of the facts the determination of

which is submitted to him.    His recital in his deed is no evidence of
that fact—at least, as against the defendant.    We think it was in-
cumbent on plaintiff to prove that Chatfield was trustee—that is, had
already entered the land—when he executed the deed to Shindell.
No competent evidence of that fact was offered.    It may appear idle
to require proof of a fact which, from repeated cases in this court
during the last 30 odd years, has become almost a part of the history
of the state.    But it is not a fact of which we can take judicial no-
tice, and, therefore, the case must be remanded for a new trial of that
question alone.

With a view to a final determination of this controversy without
another appeal, it is necessary to consider defendant's claim of title
under the tax-deed.    The proceedings under and in pursuance of
which this deed was issued were not judicial, but wholly *in pais,* and,
therefore, except so far as the common-law rule was changed by stat-
utes, the burden of proof, as between the original owner and the pur-
chaser at the tax-sale, would be upon the latter to show that all the
provisions of law in relation to the proceedings on which his claim is
based have been complied with; that is, to prove the existence of every
fact the existence of which is necessary to establish his right.    The
law made a tax deed *prima facie* evidence of title; but, to give this
effect to it, the deed must be "regular on its face."    That the tax-
deed in this case is not "regular upon its face," under the decisions
of this court, is evident upon mere inspection.    *Cogel* v. *Raph,* 24
Minn. 194; *Sheehy* v. *Hinds,* 27 Minn. 259, (6 N. W. Rep. 781;) *Sher-
burne* v. *Rippe,* 35 Minn. 540, (29 N. W. Rep. 322.)    Indeed, upon
the trial, the defendant did not rely upon the sufficiency of the deed
on its face, but took upon itself the burden of proving each fact neces-
sary to establish its claim.    In this it failed in so many respects that
it can hardly be necessary to particularize.

The tax-sale in this case was attempted to be made under the same
statute which was considered in *Baker* v. *Kelley,* 11 Minn, 358, (480,)
and counsel rely upon the limitation contained in section 6 of that
act, and urge that this court erred in so far as it held that section in-
applicable as a statute of limitation to actions of ejectment.    If we
were to overrule that case on that point, it would not be enough to

help out defendant's tax-title.   But that decision has stood unquestioned for over 24 years, and has become a rule of property, and, whether right or wrong, ought not now to be disturbed, especially as the statute has long since become *functus officio*, the only sale which ever could be made under it having taken place over 27 years ago.

The cause is remanded, and a rehearing ordered on the question only as to the date of the entry of the town-site at Mankato by Judge Chatfield; and if, upon such hearing, the court below finds that such entry was made after the execution of the deed to Shindell, then judgment to be entered in favor of defendant; but if he finds that the entry was made before the execution of such deed, then, upon such finding and the findings heretofore made, judgment shall be rendered in favor of the plaintiff.