## PINE COUNTY *vs.* EZRA F. LAMBERT.

Argued April 30, 1894. Reversed May 7, 1894.

No. 8904.

Former decisions followed to the effect:

**Requisites of a valid sale to the state under a tax judgment.**

That under Laws 1881, ch. 135, the state acquired no title to the land by virtue of the tax judgment, unless it was offered for sale, and bid in for the state in default of other bidders.

**Statute of limitations of actions applies to proceedings to enforce the collection of taxes.**

That proceedings to enforce the collection of taxes against real estate are "an action upon a liability created by statute," within the meaning of 1878, G. S. ch. 66, § 6.

Case certified from the District Court of Pine County, *F. M. Crosby,* J., in proceedings under Laws 1893, ch. 150, to enforce payment of delinquent real estate taxes in that county.

Ezra F. Lambert appeared and answered that he owned five hundred and sixty acres of the land describing it located near Sandstone Junction against which judgment was demanded for the taxes of the year 1879 and prior years and interest to the amount $4,553.40. For defense he alleged that a valid tax judgment was recovered on August 8, 1881, in the district court under Laws 1881, ch. 135, for all these taxes and that more than ten years had since elapsed before the commencement of the present proceeding. He claimed

that the tax judgment of August 8, 1881, was barred by 1878 G. S., ch. 66, §§ 5, 6, subd. 2. The sale in September, 1881, under that judgment was admitted by both parties to be irregular and invalid. At the trial these facts were shown by the records or admitted by stipulation of the parties. The court overruled the claims of Lambert and ordered judgment against the lands for the amount of the taxes, interest, penalties and costs, saying:

No action upon a judgment against land for the payment of taxes can be maintained. This is a proceeding to enforce an obligation to pay taxes, which comes within the principles laid down in *County of Redwood* v. *Winona & St. P. Land Co.*, 40 Minn. 512. There is no statute of limitation that applies. If it should be regarded as a proceeding to enforce a liability created by statute, that liability was not created until the enactment of Laws 1893, ch. 150.

Lambert feeling aggrieved applied to the court to report the case to this court pursuant to 1878 G. S. ch. 11, § 80. The court being of opinion that the point was likely to arise frequently made a brief statement of the facts established and of its decision and transmitted the same to this court.

*W. H. Grant* and *J. F. Fitzpatrick,* for Lambert.

The only point raised by the answer is the application of the statute of limitations. That this is an action upon a judgment can scarcely admit of controversy, and the only reason for referring to that point is, that the court below in its decision says that it is not such an action. It was admitted in evidence on the trial that the proceeding was based on the tax-judgment of August 8, 1881. Not only was the proceeding in fact based upon the judgment, but under Laws 1893, ch. 150, no proceeding was authorized unless judgment had been obtained. All the prior proceedings to collect the taxes against these lands were merged in that judgment of 1881; *Farnham* v. *Jones*, 32 Minn. 7; *Mulvey* v. *Tozer*, 40 Minn. 384; *Gilfillan* v. *Chatterton*, 38 Minn. 335.

The most that can be claimed for the state in this proceeding is that it has an unsatisfied judgment against this property entered in the year 1881. Such a judgment is subject to the statute of limitations. 1878 G. S. ch. 66, §§ 5, 12; *County of Redwood* v. *Winona & St. P. Land Co.*, 40 Minn. 512.

*Robert C. Saunders,* County Attorney for Pine Co.

The legislature of the state of Minnesota never at any time or under any circumstances contemplated the application of the statute of limitations to proceedings to enforce the payment and collection of taxes. At the time of the enactment of 1878 G. S. ch. 66, § 12, in 1851, there were no proceedings by suit to enforce payment of delinquent taxes.

Coming to the real question in this proceeding we contend that the decisions in *County of Redwood* v. *Winona & St. P. Land Co.,* 40 Minn. 512, and *Mulvey* v. *Tozer,* 40 Minn. 384, and *Mower County* v. *Crane,* 51 Minn. 201, can and should be distinguished from the present case and that they are not applicable to the sole point here raised.

It is respectfully but earnestly and conscientiously urged upon this court, that the Redwood County case is not good law and should be reversed. It has not yet become an important rule of property. It is adverse to public interest and policy.

MITCHELL, J. This case is fully covered by former decisions of this court. We have held that the state acquired no title to the land by virtue of a tax judgment under Laws 1881, ch. 135, unless offered for sale as provided in section 4, and bid off for the state in default of other bidders. *Gilfillan* v. *Chatterton,* 38 Minn. 335, (37 N. W. 583;) *Mulvey* v. *Tozer,* 40 Minn. 384, (42 N. W. 387.)

The agreed facts are that these lands were never sold under the tax judgment, "and no entry of any description thereof was made in the tax judgment book, or in the copy thereof in the hands of the county auditor." This means that they were not "bid in for the state." Indeed, it does not appear that the lands were even offered for sale. Hence, the most that can be claimed for the state is that it had an unsatisfied tax judgment against the land, rendered in 1881. And whether this proceeding, commenced under Laws 1893, ch. 150, be deemed one on the judgment, or one to enforce the collection of the same taxes for which the judgment was rendered, it is, in either view, barred by the statute of limitations, which runs against the state the same as against individuals. 1878, G. S. ch. 66, § 12. If it be deemed the former, it is barred by the ten-

years limitation of 1878, G. S. ch. 66, § 5, and, if it be deemed the latter, then it is barred under the six-years limitation of subdivision two of section 6 of the same chapter, as "an action upon a liability created by statute." *County of Redwood* v. *Winona & St. P. Land Co.*, 40 Minn. 512, (41 N. W. 465, 42 N. W. 473;) *Mower Co.* v. *Crane*, 51 Minn. 201, (53 N. W. 629.)

And, inasmuch as the right was extinguished before the act of 1893 was enacted, it was not in the power of the legislature to revive it. *Kipp* v. *Johnson*, 31 Minn. 360, (17 N. W. 957.) We have been urged to consider the serious consequences which it is alleged will result from adhering to and following our former decisions on this subject.    It might be suggested, in reply, that these consequences might have been avoided if public officers had performed their duty, or if the legislature had enacted remedial legislation before the statute of limitations had run.    The state, having slept on its rights for twelve years, must take the consequences.

The order overruling the defense, and directing the entry of judgment against the land, is reversed, and the proceedings remanded.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 990.)