STATE OF MINNESOTA v. ORRIN KIPP.[1]

December 2, 1897.

Nos. 10,882—(24).

Taxes—Tax Sale Decreed Void—G. S. 1894, § 1610—Collection of Unpaid Taxes—Statute of Limitations.

> G. S. 1894, § 1610, provides that, where a tax sale is declared void by the judgment of a court, the money paid by the purchaser at the sale, and all subsequent taxes, penalties and costs that may have been paid by him, shall, with interest at ten per cent. from the date of payment, be returned to him; but "such proceedings shall not operate as a payment or cancellation of any tax included in the judgment or refundment, but the same shall stand as originally extended against the property, and * * * be included with the taxes thereon for the current year in the next delinquent tax sale." *Held* that, the object of the statute being to give the state the right to institute new proceedings to enforce the payment of taxes after it has been judicially determined that prior proceedings for that purpose were ineffectual, the right to institute such new proceedings cannot be barred by the lapse of time between the institution of the original proceedings and the judicial determination of their invalidity.

In proceedings in the district court for Chisago county to enforce payment of real-estate taxes delinquent in 1897 defendant landowner appeared specially for the purpose of objecting to the jurisdiction of the court and filed objections to the taxes and penalties mentioned in the opinion, on the ground that more than six years had elapsed prior to the commencement of these proceedings since said taxes and penalties had accrued, as shown by said delinquent list upon its face. After a hearing upon the objections the court, Williston, J., found the facts mentioned in the opinion and ordered

[1] Reported in 73 N. W. 164.

judgment against the land for the respective amounts extended upon the delinquent list, aggregating $244.82. At the request of the defendant the record was certified to the supreme court with the question: "Is the finding of law justified by the findings of fact and the whole record?"

*H. N. Setzer* and *P. H. Stolberg,* County Attorney for the County of Chisago, for the State.

*S. & O. Kipp,* for defendant.

MITCHELL, J.

This matter has been certified to this court under G. S. 1894, § 1589.

The facts are as follows: In 1881 judgment was rendered against this land for the taxes of 1874 to 1880, inclusive, amounting to $84.71. In July, 1885, the county auditor executed a deed of the land to one Heims, assuming to do so under Laws 1881, c. 135, § 9;[2] but the deed was invalid, because the land had in fact never been offered for sale or bid in for the state at any tax sale under the judgment. Gilfillan v. Chatterton, 38 Minn. 335, 37 N. W. 583; Mulvey v. Tozer, 40 Minn. 384, 42 N. W. 387. The amount paid by Heims was $84.71, the original amount of the judgment. He subsequently paid the taxes on the land for 1885 to 1893, inclusive. In August, 1895, in an action brought by the owner of the land against Heims the deed to the latter from the county auditor was declared void by a judgment of the district court. Thereupon, in August, 1896, the county, pursuant to G. S. 1894, § 1610, refunded to Heims the money paid by him for the deed and all subsequent taxes on the land paid by him, with interest at the rate of ten per cent. per annum from the date of payment, amounting to $223.65. In addition to the taxes for 1894 and 1895 (to which no objection is made) there was included in the delinquent tax list filed in January, 1897, the amount thus refunded to Heims, with accruing penalties, interest and costs. The manner in which this was extended on the delinquent list appears on page 5 of the paper book, and was as follows: First, the amount of the tax judgment of 1881 and interest, entitled "Judgment for Year 1880

2 See G. S. 1894, § 1579, note 2.

and Prior" [Years]; second, the taxes for each year from 1885 to 1895, inclusive, respectively.

The main point relied on by the landowner is that the state's claim for all taxes prior to that of 1889 was barred by the statute of limitations. The statute is that

"Such proceedings" [annulling the sale and refunding the money to the purchaser] "shall not operate as a payment or cancellation of any tax included in the judgment or refundment, but the same shall stand as originally extended against the property, and with all accruing penalties, interest and costs, be included with the taxes thereon for the current year in the next delinquent tax sale."

The taxes that have been assessed but not paid, and not the refunding the money to the purchaser, constitute the state's claim or cause of action against the land. The annulment of the sale and the refunding the money to the purchaser are merely conditions precedent to the right of the state to institute new proceedings to enforce payment of the taxes; but the grant of the right to institute such proceedings on the happening of such conditions is wholly inconsistent with the idea that such right may be barred by lapse of time before the conditions have happened upon which alone the right can be exercised.

The statute clearly implies that, under the circumstances provided for, the right to institute new proceedings shall not be barred before the prior tax sale shall have been adjudged invalid. It is certainly in the power of the legislature so to provide, and the reasonableness of such a provision is quite apparent.

A landowner can commence an action to set aside an invalid sale at any time after the sale is made. But, if the respondent's contention is to prevail, all that a landowner has to do in such a case in order to avoid payment of his taxes altogether is to sit still and delay bringing his action for six years. The object of the statute, evidently, was to give the state an opportunity to enforce payment of the taxes after a former attempt to do so had been judicially determined to have been ineffectual. This object is analogous to that intended by statutes providing that an attempt to commence an action, although ineffectual for that purpose, shall, for the purposes of the statute of limitations, be equivalent to the commence-

ment of an action. As bearing on the construction to be placed on this statute, see State v. District, 68 Minn. 242, 71 N. W. 27.

None of the cases relied on by respondent are in point or analogous in their facts. County v. Winona, 40 Minn. 512, 41 N. W. 465, and 42 N. W. 473, was a case where it was attempted to assess lands for taxes for past years, for which the lands had never been assessed at all. In Mower v. Crane, 51 Minn. 201, 53 N. W. 629, the tax sale was declared void in 1880. New proceedings to enforce the taxes were dismissed in 1882, and no further proceedings were taken to reassess the taxes against the land, or to enforce their payment, until 1891. Pine v. Lambert, 57 Minn. 203, 58 N. W. 990, and Kipp v. Elwell, 65 Minn. 525, 68 N. W. 105, were proceedings under Laws 1893, c. 150,[3] and all that was decided was that, when the statute of limitations had already run against the state's right to enforce payment of taxes, it was not in the power of the legislature to revive the right. No such question is involved in this case, for it is not disputed that the provisions of section 1610, so far as here material, have been in force from a date prior to the time when the statute of limitations would have run against these taxes under any view of the case.

There is nothing in the position that, because the sale to Heims was void, therefore the statute was ineffectual to prevent the running of the limitation. The law was enacted with express reference to void sales. The logic of counsel's contention is that the statute would only apply when the sale was valid, and hence no statute was required.

Some point is made as to the form in which these back taxes were included and stated in the tax list, and as to the amount thus included; but we think that in both respects the requirements of the statute were complied with.

The facts found justified the conclusions of law and the order for judgment, and the matter is remanded to the court below for further proceedings.

3 See G. S. 1894, § 1579, note 2 (p. 429).