TUCKER and another, Respondents, vs. CHICAGO, ST. PAUL, MIN- NEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

TUCKER and another, Respondents, vs. SAME, Appellant.

TUCKER and another, Respondents, vs. SAME, Appellant.

*November 26 — December 17, 1895.*

*(1, 3–6) Railroads: Occupation of land without acquiring title: Pro- ceedings to recover compensation: Assignment of claim: Tenants in common: Partition: Limitations: Evidence: Prior condemnation. (2) Public lands: Town-site: Conveyance by trustee: Collateral attack.*

1. Where a railway company, without acquiring title, has taken and used a right of way across lots owned by tenants in common, one of such tenants, to whom his cotenants have assigned their claims as to a specified portion of the lots, may proceed under sec. 1852, R. S., to recover damages for the taking as to such portion.

2. Land occupied as a town-site having been patented to the county judge in trust for the settlers under the act of Congress of May 23, 1844, and he having conveyed a portion thereof in execution of the trust under ch. 95, Wis. Laws of 1856, the validity or regularity of such conveyance, and the right of the grantees thereto as benefi- ciaries of the trust, can be questioned only by one interested in the trust and by a direct proceeding for that purpose.

3. The decree in a partition suit between tenants in common of lots across which a railway company has taken and used a right of way without acquiring title is competent evidence in a proceed- ing under sec. 1852, R. S., to recover compensation for such taking

as to a portion of the lots, and is binding on the railway company, although it was not a party to such suit.

4. The assignee of a right to compensation for lands taken for a railroad is a party "interested in such lands" within the meaning of sec. 1852, R. S., and may proceed under that section to recover such compensation.

5. The statutes of limitation applicable to the proceeding to recover such compensation are those applicable to real actions and rights in and to real property. It is not barred after six years from the taking by sec. 4222, R. S., nor after ten years by sec. 4215, if the railway company did not hold adversely under sec. 4211.

6. In such proceedings a receipt for moneys paid by another railway company upon a prior proceeding to condemn a right of way across the premises was not admissible, in the absence of evidence that defendant was the assignee of such other company or entitled to any rights it had acquired, and where the strip in question was in no particular identical with that involved in the prior proceeding, and the plaintiffs were not parties to that proceeding.

APPEALS from judgments of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

These cases were proceedings upon behalf of the respective plaintiffs to ascertain and determine the amount of compensation to which they claim to be entitled by reason of the taking and occupation of certain lands by the defendant company for railroad purposes, and were instituted under sec. 1852, R. S. By stipulation they were tried and decided upon the same evidence. Separate verdicts having been found for the plaintiffs in each case, from each judgment rendered thereon the defendant company appealed.

The respective plaintiffs, *Lela M. Tucker, Jack Z. Tucker,* and *Charles C. Tucker,* are the children and heirs at law of Charles C. Tucker, deceased; and his widow, *Mary A. Tucker,* was joined as a plaintiff in each case. The premises in question are a part of the town-site of Ashland, in what was formerly La Pointe county, and were entered by the county judge of that county in trust for the settlers, under the act of Congress of May 23, 1844 (5 U. S. Stats. 657). A patent was issued in due form of law upon said entry. The

evidence tended to show that Martin Beaser, Asaph Whittle-
sey, and George Kilbourne were the first settlers on said
premises, and that Charles C. Tucker, since deceased, re-
ceived a conveyance from Asaph Whittlesey of a one-half
interest in his lots on the town-site August 28, 1856, and
that on April 12, 1872, the county judge of the county,
under ch. 95, Wis. Laws of 1856,— an act authorizing county
judges to perform and discharge the trusts specified in said
act of Congress of May 23, 1844,— conveyed to Whittlesey
and Tucker the lots in question.    In an action for partition
brought by the plaintiffs in these cases against Lucy Whit-
tlesey, Delia Green, and others, heirs at law and grantees of
Asaph Whittlesey of the said premises, and claiming title
under said Asaph Whittlesey, the lots in question in these
proceedings were adjudged and decreed to the plaintiffs as
heirs at law of said Charles C. Tucker, deceased, by the cir-
cuit court for Ashland county, April 5, 1888.    *Jack Z. Tucker*
and wife conveyed to the plaintiff *Lela M. Tucker* all their
right, title, and interest to lots 1, 2, 3, 10, 11, and 12, block 17,
in Ashland, claimed by her, July 5, 1892; and on the 8th
day of the same month, the said *Charles C. Tucker* assigned,
transferred, and set over to the said *Lela M. Tucker* all his
right, interest, claim, and demand against the defendant
growing out of the taking and occupation for railroad pur-
poses of a right of way across said lands; and the said *Jack
Z. Tucker*, on the 14th of the same month, executed to her
a like assignment of all his right and demand in respect to
the same premises.    The said *Lela M. Tucker* and *Charles C.
Tucker* also made similar assignments to the plaintiff *Jack
Z. Tucker*, in July, 1892, of their respective rights, claims,
and demands against the defendant for the taking and occu-
pation for railroad purposes of a right of way across the
lands claimed by him; and in like manner similar assign-
ments were made by *Jack Z. Tucker* and *Lela M. Tucker* of
their claims and demands against the defendant for the same

reason, in respect to lot 12, block 30, in the city of Ashland, to the said *Charles C. Tucker.*

The defendant gave in evidence several tax deeds, duly recorded, on sales of the premises in question, made while the said heirs were minors, acquired by E. H. Abbot, but they have redeemed the said premises from all tax sales before arriving at the age of twenty-one years. The defendant also offered in evidence condemnation proceedings for a right of way across said several lots, instituted by the Ashland Railway Company in 1882, against said Abbot and others; but these plaintiffs were not parties thereto, and the proof wholly failed to show that the strip of land taken and used by the defendant for a right of way was in any way identical with the premises said to have been taken by the Ashland Railway Company, or that the defendant had succeeded to any of its rights. Upon said proceedings there was an award of $20 to the said Abbot, which amount was paid to him for the strip of land across said lot 12.

These proceedings were instituted August 27, 1892. *Lela M. Tucker* became twenty-one years of age March 30, 1892; *Charles C. Tucker,* March 3, 1890; and *Jack Z. Tucker,* August 19, 1888. The defendant took and entered into possession and use of the premises in question in June, 1883, but not under any written instrument or color of title.

Evidence was offered and received tending to show that Martin Beaser, Asaph Whittlesey, and George Kilbourne were not the proper beneficiaries of the title passed to the county judge for the benefit of the settlers under the act of Congress. It was also insisted that the plaintiffs were barred of their right to recover by virtue of the statute of limitations. R. S. secs. 4215, 4222.

For the appellant there was a brief by *Tomkins & Merrill,* and oral argument by *W. M. Tomkins.* They contended, *inter alia,* that the plaintiff seeks to recover compensation for the taking of the land in question, and it is to

compel the payment of a sum of money for damages for such taking that this proceeding is brought. Such being the case, the six-years statute of limitation would bar the proceeding. *In re Clark*, 74 Hun, 294; *Hamilton v. Manhattan R. Co.* 9 N. Y. Supp. 313; *Jones v. U. S.* 48 Wis. 385; *Harsbarger v. Midland R. Co.* 131 Ind. 182; *Indiana, B. & W. R. Co. v. Allen*, 100 id. 409. Ten years' acquiescence in the use of the right of way by the railroad company would change the proceeding into an action of a personal nature for the value of the premises taken. *Mitchell v. N. O. & N. E. R. Co.* 41 La. Ann. 363; *Fullerton v. Spring*, 3 Wis. 667; *Hanlin v. C. & N. W. R. Co.* 61 id. 515. The right to compensation accrues immediately upon the taking of the property by the railway company. *Pratt v. Brown*, 3 Wis. 603; *State ex rel. Evans v. James*, 4 id. 408. It would seem that at least the ten-years statute of limitation would bar the proceedings. *Fullerton v. Spring*, 3 Wis. 667; *Simpson v. Sneclode*, 83 id. 201.

For the respondents there was a brief by *Thomas L. Kennan* and *Sanborn, Dufur & O'Keefe*, and oral argrment by *Mr. Kennan*. They argued, among other things, that the deed of the county judge is conclusive and not subject to collateral attack. *Smith v. Pipe*, 3 Colo. 187; ch. 95, Laws of 1856; *Taylor v. Winona & St. P. R. Co.* 45 Minn. 66; *Chever v. Horner*, 11 Colo. 68, and cases cited; *Ming v. Foote*, 9 Mont. 201; *Murray v. Hobson*, 10 Colo. 66; *Anderson v. Bartels*, 7 id. 256.

PINNEY, J. 1. The effect of the patent to the county judge and his deed of conveyance to Asaph Whittlesey and Charles C. Tucker, since deceased, was to vest the legal title of the premises in question in said Whittlesey and Tucker, as tenants in common. The decree in the partition suit of *Tucker v. Whittlesey*, 74 Wis. 74, set off and vested the legal title to the entirety of the premises in *Lela M., Charles C.,* and *Jack Z. Tucker*, heirs at law of said Charles C. Tucker,

deceased, as tenants in common. Each of said heirs thus be-
came the owner in fee of the undivided one-third of each of
said lots. *Lela M. Tucker*, in her action, relies upon her title
to such undivided third, and an assignment from both of her
cotenants of their claims and demands for damages for de-
fendant's taking and using a right of way across the lots
she claims, described in her proceeding, and also by virtue
of a deed of conveyance of one third of said premises to her
from one of her cotenants; while *Charles C. Tucker* and
*Jack Z. Tucker* rely upon their respective titles to one undi-
vided third of the premises which they each claim, and assign-
ments from their respective tenants in common of their claims
and demands for the taking and using by the defendant of a
right of way for railroad purposes across the lots in question.
The case of *Frey v. D., S. S. & A. R. Co.*, *ante*, p. 309, under
the circumstances stated, is conclusive in favor of the right
of the plaintiffs in these several actions to recover damages
for taking and using a right of way by the defendant across
the respective lots.

2. It is objected that the evidence is not sufficient to show
that Beaser, Kilbourne, and Whittlesey were occupants or
proprietors of the town-site of Ashland, and proper bene-
ficiaries of the legal title which passed from the United
States to the county judge of Ashland county, as determined
in *Whittlesey v. Hoppenyan*, 72 Wis. 140. In that case it
was held that, in the absence of proof to the contrary, it
must be presumed that the proceedings on the part of the
trustee, the county judge, which resulted in a conveyance
by him to Whittlesey and Tucker, were in accordance with
the statute. The statute (ch. 95, Laws of 1856) provides
that in such cases " the trustee or trustees shall have power,
and he or they are hereby authorized and instructed, to con-
vey to said occupants or proprietors, their *assigns* or legal
representatives, a full and just title to each of their respect-

ive interests in such town-site, which conveyance shall be binding in law, and shall be favorably construed in all courts and places in this state." By the third section of the act it was provided that in case there should be conflicting claims to any lots or parts of lots, upon application for that purpose to the county judge by any claimant to any lot or lots, or parts of lots, surveyed and platted by him, he should, upon due notice, " proceed to hear and determine the right and interest of the claimant in said lot or lots or parts of lots according to equity and justice, and shall award make, according to the respective interests of the parties; and the award of the said judge shall be final and conclusive." The powers and duties of the county judge under this act are analogous to those exercised by the land department of the United States in granting a patent, and the execution of a deed by such judge is substantially an official determination, which he is authorized to make, that all the requirements preliminary to the execution of the deed have been complied with, and that the person to whom it has been issued is entitled to it. No one who is not a beneficiary of the trust, but a mere stranger to the title, as the defendant is here, can call in question the validity or regularity of such conveyance, or, by subsequent entry or intrusion upon the premises, put parties claiming under such conveyance to the proof whether all the steps prescribed by law have been taken, or whether the party to whom the deed was executed was the person rightly entitled thereto. These questions can only be litigated by some one interested in the trust, and by direct proceedings for that purpose. *Taylor v. W. & St. P. R. Co.* 45 Minn. 66; *Murray v. Hobson,* 10 Colo. 66; *Ming v. Foote,* 9 Mont. 201; *Chever v. Horner,* 11 Colo. 68; *Cofield v. McClelland,* 16 Wall. 331, 334; *Smelting Co. v. Kemp,* 104 U. S. 640; *Moffat v. U. S.* 112 U. S. 24. These and many other authorities that might be cited to the same effect are quite

Tucker and another vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

sufficient to show that the deed from the county judge to Whittlesey and Tucker was not open to collateral attack by the defendant.

3. The objection to the competency of the decree in the suit of *Tucker v. Whittlesey*, in the circuit court for Ashland county, by which the lots in question were set off and decreed to the plaintiffs, on the ground that the defendant was not a party to it, and therefore not bound by it, is untenable. The decree was in a suit for partition between the heirs of Whittlesey and those claiming under him, and the plaintiffs, and was as effective to pass the title to the entirety of the lots in question to them as if the defendants in that case, having Whittlesey's title, had made a sufficient deed of the lots to the plaintiffs, the heirs at law of Charles C. Tucker, deceased. The defendant was an utter stranger to the title involved in that suit, and there is no reason why it should have been made a party to the action. The decree was competent evidence to show that the title vested in Whittlesey and Charles C. Tucker by the deed from the county judge to the lots in question had become vested in the Tucker heirs, the plaintiffs in that action.

4. It was insisted on behalf of the defendant that the rights of the several plaintiffs to recover damages for taking and using the right of way across the lots in question had been barred by both the six and ten years statutes of limitation (R. S. secs. 4215, 4222); but we are of the opinion that this contention cannot be maintained. In *Frey v. D., S. S. & A. R. Co., ante,* p. 309, it laid down by CASSODAY, C. J., that "the right to have such damages assessed in such proceedings, and to enforce payment thereof, is a property right, which may remain in the person to whom it has accrued after he has parted with all title and right to the possession in every part of the land;" and in that case this property right was held to be assignable and enforceable by

the assignee. It is clear, therefore, that such assignee is a person "interested in the premises," within secs. 1846, 1852, R. S., to the extent, at least, of such right. In the present cases the entry of the defendant on these lots was in June, 1883, and it has held and used the right of way ever since, presumptively by the tacit consent of the owners of the lots. Hence they had lost all remedies at law or in equity in respect to such taking and use, and became restricted to proceedings under the statute to have their compensation assessed; and when assessed, if not duly paid, they might, no doubt, obtain an injunction to restrain and prevent the further use of such right of way until payment shall be made. What statute is applicable to bar or preclude the enforcement of this right? Manifestly, not the six-years statute, but those statutes applicable to real actions and rights in and to real property. It was the duty of the defendant to have proceeded to perfect its rights by proper proceedings under the statute; but, failing to do this, the party "interested in such lands may institute and conduct the proceedings to a conclusion." R. S. sec. 1852. The defendant entered upon the lots in question about ten years and two months before these proceedings were instituted, but it did not enter "under claim of title, exclusive of any other right, founding such claim upon some written instrument as being a conveyance of the premises in question, or upon the judgment of some competent court" (R. S. sec. 4211); and therefore the statute bar of ten years is not applicable, and the statutory remedy of the plaintiffs, under R. S. sec. 1852, was not barred.

5. As the defendant did not show that it was the assignee of the Ashland Railway Company, or entitled to any rights it had acquired in the premises, the court properly refused to receive in evidence the receipt for moneys paid by the Ashland Railway Company under its condemnation proceedings, or to reduce either of the verdicts on account of such payments.

Besides, the strip of land in question here is in no particular identical with any part of the premises described in the former proceeding, nor were these plaintiffs parties thereto.

There is no other question of sufficient significance to require discussion, and it follows that the judgments in these cases were rightly given.

*By the Court.*— The several judgments appealed from are affirmed.