[Civil No. 1042.   Filed March 27, 1908.]

[95 Pac. 126.]

THE CITY OF GLOBE, a Municipal Corporation, Defendant and Appellant, v. CHARLES W. SLACK, Plaintiff and Appellee.

1. PUBLIC LANDS—DISPOSAL—TOWNSITES—REV. STATS. U. S., SEC. 2387 (U. S. COMP. STATS. 1901, P. 1457), CONSTRUED—RIGHTS OF "OCCUPANT."—Revised Statutes, *supra,* provides, whenever any portion of the public lands has been occupied as a townsite, it is lawful for the judge of the county court, in case the town is unincorporated, to enter the lands so occupied in trust for the benefit of the occupants thereof, the execution of which trust shall be regulated by the legislative authority of the territory, etc. *Held,* that the "occupants" for whom the trustees took the legal title under the act were those who were such at the time the townsite was entered.

2. SAME—STREETS—POWER OF TRUSTEE TO CREATE.—Revised Statutes of the United States, section 2387 (U. S. Comp. Stats. 1901, p. 1457), provides that, whenever any portion of the public lands have been occupied as a townsite, the judge of the county court may enter the land so occupied in trust for the occupants thereof, the execution of such trust to be conducted under the regulations prescribed by legislative authority. Section 2391 (page 1459) provides that any act of a trustee not in conformity with such regulations is void. Compiled Laws of Arizona of 1877, chapter 80, made it the duty of the probate judge, whenever requested by the occupants of an unincorporated town, to enter a townsite and to appoint three commissioners to have a survey made to conform as nearly as possible to the original plan of the town, and

a plat made thereof, designating the lots containing improvements, with the names of the owners thereof, and to give notice of a date upon which the commissioners would sell off the lots, etc., to persons entitled thereto. *Held*, that, while the occupants had a vested interest in the streets and alleys as they existed when the townsite was entered, the commissioners had no authority under the act to create additional streets.

3. SAME.—It is competent for the legislature, under Revised Statutes of the United States, section 2387 (U. S. Comp. Stats. 1901, p. 1457), to authorize the trustee of such townsites to divide unoccupied land within the townsites into lots and blocks and dispose of them for the public benefit, and to that end establish streets and alleys to such unoccupied land.

4. PARTIES—DEFENDANTS—NECESSARY PERSONS—TRUSTEES.—In a suit to enjoin interference with land entered under the act as a townsite, in which plaintiff claimed an equitable interest, through the trustee, as grantee of the original occupant, the trustee not being a party, it was not proper to adjudge that plaintiff was entitled to the exclusive possession of the tract.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. Frederick S. Nave, Judge. Modified and affirmed.

Facts are stated in the opinion.

George R. Hill, for Appellant.

It was incumbent upon the territory to provide laws for determining the nature and extent of the occupancy of the several occupants. *Ashby* v. *Hall*, 119 U. S. 526, 7 Sup. Ct. 308, 30 L. Ed. 469; *Robertson* v. *Martin*, 8 Ariz. 422, 76 Pac. 614. The determination of the commissioners is final. Freeman on Judgments, sec. 511; *People* v. *City of Los Angeles*, 133 Cal. 338, 65 Pac. 750; *Wilson* v. *Chicago Lumber and Timber Co.*, 143 Fed. 713, 74 C. C. A. 529. The rule that the acts and conveyances of officers of the land department are presumed to be regular and valid applies to townsite trustees. *Poire* v. *Wells*, 6 Colo. 406; *Setter* v. *Alvey*, 15 Kan. 157; *Mathew* v. *Buckingham*, 22 Kan. 166. Hill street never having been conveyed remains in the townsite trustee and his successors, and title thereto can be acquired by plaintiff or anyone else only by compliance with the laws of the territory. *City of Denver* v. *Kent*, 1 Colo. 336; *Robertson* v. *Martin*, 8 Ariz. 422, 76 Pac. 614.

L. L. Henry, for Appellee.

The trustee was without authority to dedicate streets, and no act of the legislature could grant him this power, nor could it grant such commission power to dedicate streets, which would deprive any owner or occupant of his holdings, or any part of his holdings. By the acceptance of a deed for one lot which appellee owned, he did not relinquish his right to other property which he owned in view of the fact that he continued to hold the other property and exercised ownership over it in defiance of the attempt of the commission to convert it into a street. *City of Pueblo* v. *Budd,* 19 Colo. 579, 36 Pac. 599; *Bingham* v. *City of Walla Walla,* 3 Wash. Ter. 68, 13 Pac. 408; *Cerf* v. *Pfleging,* 94 Cal. 131, 29 Pac. 417; *Brown* v. *Parker,* 2 Okl. 258, 39 Pac. 567; *Ashby* v. *Hall,* 119 U. S. 526, 7 Sup. Ct. 308, 30 L. Ed. 469; *City of Helena* v. *Albertose,* 8 Mont. 499, 20 Pac. 817; *Village of Buffalo* v. *Harling,* 50 Minn. 551, 52 N. W. 931; *Goldberg* v. *Kidd,* 5 S. D. 169, 58 N. W. 575; *Parchen* v. *Ashby,* 5 Mont. 68, 1 Pac. 204; *Alemany* v. *Petaluma,* 38 Cal. 553.

CAMPBELL, J.—In May, 1882, the probate judge of Gila county entered the townsite of what is now the city of Globe, under the provisions of the act of Congress approved March 2, 1867 (14 Stat. 541, c. 177, now section 2387, Rev. Stats. [U. S. Comp. Stats. 1901, p. 1457]), and thereafter a patent to the same was issued to him by the government. At the time of the entry one Charles A. McDonell was an occupant of a tract of land within the townsite. A commission was appointed in conformity with the provisions of the act of the territorial legislature approved February 16, 1871 (Comp. Laws 1877, c. 80), who caused the townsite to be surveyed into lots, blocks and streets, and caused lists to be made of the owners and occupants of lots in said townsite, and caused a notice to be published that on a certain date said commissioners would proceed to set off to the persons entitled to the same according to their respective interests the lots and squares of ground to which each of the occupants thereof should be entitled. Pursuant to such proceedings, and in the manner provided by statute, the commissioners allotted and set apart to the said McDonell, as such occupant, lot 1, in block 74, of the townsite, according to the official map

prepared by the commissioners. Thereafter McDonell paid to the probate judge the *pro rata* assessed against the lot and took a deed for the premises. The official map made and filed by the commissioners showed a street between blocks 65 and 74, which was designated thereon as "Hill street." At the time of the entry of the townsite, and since 1878, McDonell occupied a dwelling which was upon lot 1, block 74, as subsequently surveyed. At that time McDonell also had a barn and closet within what is designated upon the map as Hill street. He continued to occupy the premises until May, 1889, when he sold and conveyed to Charles W. Slack, appellee herein, by deed, lot 1, in block 74, according to the plat. Slack thereupon took possession of the premises and of the barn and closet in Hill street, and has been in possession of the same ever since. In 1889 he extended a fence from the barn in Hill street to the corner of the lot, and has maintained the same since that time. The said portion so occupied by McDonell and Slack has never been used for street purposes.

This action was brought by Slack to obtain a writ of injunction against the city of Globe, its agents and officers, to restrain them from entering upon the premises or in any manner interfering with his exclusive use and occupation of the same, and for a judgment decreeing him to be entitled to the exclusive possession of the tract of land embraced within Hill street between blocks 65 and 74. It appears from the complaint that the city desires to open up the street as platted, and threatens to remove and destroy the fence and buildings maintained by Slack thereon. Upon the trial the court found the facts as above set forth, and "that plaintiff claims title to said premises solely by reason of said deed from McDonell and his said occupancy of said Hill street; that plaintiff's occupancy of said portion of Hill street, to wit, that occupied by the barn and closet aforesaid, has been peaceful, actual, open, notorious and uninterrupted," and gave judgment restraining the city of Globe, its agents and officers, from in any manner entering upon or in any manner interfering with plaintiff's exclusive possession, use, occupation and enjoyment of the portion of the land described in the judgment, and within which is included some of the land shown by the map to be Hill street, and adjudged that the plaintiff was entitled to the exclusive possession of the tract of land as so described. Ap-

pellee's contentions as to his rights within the strip of land platted as Hill street are threefold: First, that he has the equitable title as an occupant under the statute, for whom the probate judge holds the legal title; second, that the street over the strip of land in controversy has never been lawfully established, and, therefore, the city has no interest therein; third, that he has gained title by adverse possession.

As to the first contention it is to be observed that Mc-Donell was the occupant at the time the townsite was entered, and has not conveyed any rights to the strip in controversy he may have had as such occupant to appellee. His deed is only for lot 1, in block 74, as described on the plat. Appellee's occupancy of Hill street dates only from 1889, while the entry was made in 1882. The occupants for whom the trustee took the legal title, who are entitled to claim the lands occupied, are those who were such at the time the townsite was entered. *Martin* v. *Hoff*, 7 Ariz. 247, 64 Pac. 445.

In considering the question whether the street has ever been lawfully established, we must examine the legislation of Congress and of this territory. The act of Congress under which the townsite was entered provides:

"Sec. 2387. Whenever any portion of the public lands have been or may be settled upon and occupied as a townsite, not subject to entry under the agricultural pre-emption laws, it is lawful, in case such town be incorporated, for the corporate authorities thereof, and, if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereunder, to be conducted under such regulations as may be prescribed by the legislative authority of the state or territory to which the same may be situated."

"Sec. 2391. Any act of the trustees not made in conformity to the regulations alluded to in section twenty-three hundred and eighty-seven shall be void." (U. S. Comp. Stats. 1901, p. 1459.)

The act of the territorial legislature of February 16, 1871 (Laws 1871, p. 57; Comp. Laws, 1877, c. 80), in force at the time this townsite was entered, made it the duty of the pro-

bate judge of the county, whenever called upon by any of the occupants of an unincorporated town situated upon public lands, to enter the townsite under the act of Congress, and provided that after such entry he should appoint three commissioners, whose duty it was to cause a survey to be made "conforming as near as may be to the original plan. of the town and cause a plat thereof to be made, designating on such plat the lots or squares on which improvements are standing, with the names of the owner or owners thereof, together with the value of such improvements. They shall also make out a list of all owners or occupants of lots, or parts, in said townsite, including therein all persons who shall own or be possessed, either actually or constructively, of any part of lot situated in said townsite." It was further provided that when the plat and list were completed notice should be given by publication designating a day upon which the commissioners should proceed to set off the lots, squares or grounds to the persons entitled to the same according to their respective interests.

Neither the act of Congress nor that of the territorial legislature specifically makes provision for the dedication of streets, nor for the disposal by the probate judge of any part of the lands for other public purposes. The occupants, however, had a vested interest in the streets and alleys as they existed at the time the townsite was entered, and the trustee had no authority to destroy them. *Ashby* v. *Hall,* 119 U. S. 526, 7 Sup. Ct. 308, 30 L. Ed. 469. But no authority was given to establish new ones. The authority of the commissioners, appointed by the probate judge was limited to causing a survey to be made "conforming as near as may be to the original plan of the town," causing a plat thereof to be made, with a list of the occupants, and to set off to the occupants the lots to which they were entitled. In attempting to create additional streets, however desirable such a general plan may have been, they exceeded their authority, and the streets which they platted, existing only on paper, were not lawfully established. *Bingham* v. *City of Walla Walla,* 3 Wash. Ter. 68, 13 Pac. 408; *City of Helena* v. *Albertose,* 8 Mont. 499, 20 Pac. 817; *City of Pueblo* v. *Budd,* 19 Colo. 579, 36 Pac. 599; *Cerf* v. *Pfleging,* 94 Cal. 131, 29 Pac. 417. Nor does it appear that there has been a dedication of the land for street purposes by the occupants. We have no doubt the trustees of such townsites may be au-

thorized by the legislature to divide into lots and blocks unoccupied lands within the townsite and to dispose of them for the benefit of the community, and to that end to establish streets and alleys through such unoccupied land to afford convenient means of access to such lots; but this street was not established under such legislative authority. We express no opinion as to what rights the town would have acquired in the land, had it, after being platted as a street, been actually opened and used as such by the common consent of the occupants, or if it was made to appear that the occupants assented to a dedication of the land as a street to be opened and used as such at such future time as the needs of the town might require.

Since it does not appear that the so-called Hill street has ever been lawfully established, the city of Globe, as a municipality, has no interest therein. The legal title is still in the probate judge, unless appellee has acquired it by reason of adverse possession. It is not necessary to examine the equitable rights of McDonell as an occupant at the time of the entry of the townsite, or to determine whether, if he had rights, he has waived or abandoned them; nor is it necessary to determine whether appellee has acquired rights by adverse possession. The city of Globe threatens, without right, to intrude upon land of which appellee is in possession and to which he claims title. It was proper, therefore, for the trial court to enjoin the city, its agents and officers, and thus protect the possession of appellee. It was not necessary, nor proper, in this view of the case, the trustee not being a party, for the court to adjudge that appellee is entitled to the exclusive possession of the tract of land in controversy.

The decree is modified, by striking out that portion of it, and as so modified, is affirmed.

KENT, C. J., and SLOAN, J., concur.