[Civil No. 2280. Filed April 18, 1925.]

[235 Pac. 147.]

NELLIE MURPHY and J. S. JOHNSON, Appellants, v. HOWARD COPPER COMPANY, a Corporation, Appellee.

1. PUBLIC LANDS—CERTIFICATE OR PATENT NOT SUBJECT TO COLLATERAL ATTACK.—Determination of United States Land Department on questions of fact within its jurisdiction is binding on all courts, in absence of allegation of fraud, mistake or erroneous abuse of law; but, even under such exceptions, no collateral attack may be made, but direct proceeding must be brought to set aside certificate or patent.

2. MINES AND MINERALS—DECISION OF SECRETARY OF THE INTERIOR THAT PUBLICATION OF APPLICATION FOR MINING CLAIM PATENT WAS MADE IN PROPER NEWSPAPER HELD BINDING IN SUIT TO QUIET TITLE.—Decision of Secretary of the Interior that publication of application for mining claim patent was made in proper newspaper was one of fact, or of mixed law and fact, and was binding on court in suit to quiet title by plaintiffs, who had not filed adverse claim, as required by Revised Statutes of the United States, section 2325 (U. S. Comp. Stats., § 4622).

See (1) 32 Cyc., p. 1040.

1. Conclusiveness of decisions or findings of the Land Department, see note in L. R. A. 1918D, 597. See, also, 22 R. C. L. 308.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Richard Lamson, Judge. Affirmed.

Mr. Robert E. Morrison, for Appellants.

Messrs. Anderson, Gale & Nilsson, for Appellee.

LOCKWOOD, J.—December 28, 1920, Nellie Murphy and J. S. Johnson, hereinafter called plaintiffs, filed suit in the superior court of Yavapai county to quiet title to the Copper Dyke mining claim. The property was located in the Black Canyon mining district, in Yavapai county, and the ground covered thereby was in conflict with the Copper Schist No. 2 mining claim, owned by the Howard Copper Company, a corporation, hereinafter called defendant. Defendant had, on June 10, 1920, filed application for patent on the Copper Schist No. 2, along with other claims. Notice of application was published in August and September, and register's final certificate was issued October 6, 1920. No adverse was filed as required by section 2325, Revised Statutes of the United States (U. S. Comp. Stats., § 4622); but on January 20, 1921, plaintiffs filed a protest in the Land Office, setting up all the facts which should have appeared in an adverse, and on February 19, 1921, filed a supplemental protest, raising the point that publication of notice of application for patent had not been made in the proper newspaper. April 4, 1921, the original protest was dismissed by the Land Office, but a hearing was later had on the supplemental protest, and the Land Office held the publication was legal. Plaintiffs appealed from this last decision to the Commissioner of the General Land Office, who sustained the action of the local land office, and the matter was taken to the Secretary of the Interior, who, on March 2, 1923, upheld

the decision of the Commissioner and dismissed the protest; a patent issuing thereafter. In the meantime, the action in the superior court of Yavapai county had been held in abeyance until the decision of the Secretary of the Interior could be handed down. On July 24, 1923, the court sustained defendant's motion for judgment on the pleadings, on the ground that the issue tendered was not within the jurisdiction of the court, and had been fully determined by the Secretary of the Interior, so that it was *res adjudicata.* An appeal was taken from the judgment to this court.

There is but one issue involved in this appeal, and that is as to whether the decision of the Secretary of the Interior that the publication of notice of application for patent was properly made was binding on the superior court. If it was, obviously there was nothing for that court to try. If it was not, the judgment on the pleadings was erroneous. The principal case relied on by plaintiffs to sustain their position is that of *El Paso Brick Co.* v. *McKnight,* 233 U. S. 250, 58 L. Ed. 943, 34 Sup. Ct. Rep. 498, L. R. A. 1915A, 1113 (see, also, Rose's U. S. Notes). The facts therein were as follows:

The brick company had filed an application for patent, and final certificate was duly issued thereon, but protest was made thereafter before the Commissioner of the General Land Office against the issuance of a patent, on the grounds that certain affidavits required by law had not been made before the proper officer. The Commissioner, after hearing, canceled the entry, and his action was sustained by the Secretary of the Interior. Thereafter the brick company filed a second application for patent, which was duly adversèd by McKnight, and suit brought under section 2326, Revised Statutes of the United States (U. S. Comp. Stats., § 4623). The brick com-

pany relied on the legal effect of the original appli-
cation for patent and the final certificate issued
thereon as above, having concluded that the action
of the Commissioner and the Secretary of the In-
terior in canceling the certificate was not authorized
by law.  The Supreme Court, in rendering its deci-
sion, used the following language:

"The fact that the brick company perforce yielded
to the erroneous ruling, and instituted new proceed-
ings in order to secure a patent and evidence of its
title, did not destroy the rights with which the com-
pany had become invested by full compliance with the
requirements of Rev. Stats., § 2325.  When, there-
fore, in the suit to try the right of possession, the
plaintiff asked that proper effect be given to the final
receipt and the entry on which it was based as a
judgment *in rem,* it was not making, as is contended,
a collateral attack on the order of the Land Depart-
ment, but was merely relying on the valid entry
and asking the court to decline to give effect to the
erroneous cancellation."

The general rule undoubtedly is that the deter-
mination of the Land Department of the United
States on questions of fact within its jurisdiction is
binding on all courts, in the absence of allegations
of fraud, mistake or erroneous views of the law.
But, even in such exceptions, no collateral attack may
be made, but a direct proceeding must be brought to
set aside the certificate or patent.  *Smelting Co.* v.
*Kemp,* 104 U. S. 637, 26 L. Ed. 875; *Steel* v. *St. Louis
Smelting & Refining Co.,* 106 U. S. 454, 27 L. Ed. 229,
1 Sup. Ct. Rep. 389; *Lee* v. *Johnson,* 116 U. S. 48,
29 L. Ed. 570, 6 Sup. Ct. Rep. 249 (see, also, Rose's
U. S. Notes); *Cameron* v. *United States,* 250 Fed. 943,
163 C. C. A. 193.  It will be seen that a very dif-
ferent situation existed in the suit relied on by
plaintiffs from the one in the case at bar.  There
the brick company relied on the final certificate

issued by the Land Department and asked that it be enforced; here the request is that it be disregarded. The one action is based upon a complaint attacking an entry on which a final certificate has been issued; the other is postulated on a defense sustaining such an entry and certificate. The court, in the foregoing quotation, impliedly recognized the rule against a collateral attack on the decisions of the Land Department, but takes the case out of the general rule by showing that the defense was based on the sustaining of a valid order which the complaint attacked. We do not think the principle of this case should be extended beyond the facts and reasoning set forth therein.

But, even assuming that, if an erroneous application of law had been made by the Land Department, it might be corrected in this action, the answer of plaintiffs to the cross-complaint of defendant sets up in substance that the Land Department erred in finding as a matter of fact that "Dunbar's Weekly" was a paper in which publication could be legally made. Whatever may be said as to errors of law, the decision of the department on a question of fact, or of mixed fact and law, is certainly *res adjudicata* in a suit of this nature. *Jeffords* v. *Hine,* 2 Ariz. 162, 11 Pac. 351; *Barden* v. *N. P. Railroad Co.,* 154 U. S. 324, 38 L. Ed. 992, 14 Sup. Ct. Rep. 1030; *Quinby* v. *Conlan,* 104 U. S. 420, 26 L. Ed. 800. The decision of the Secretary of the Interior in this case being one either of fact, or of mixed law and fact, at the most, it was binding in this proceeding on the superior court of Yavapai county, and the judgment on the pleadings was proper.

Judgment affirmed.

McALISTER, C. J., and ROSS, J., concur.