[Civil No. 3046.   Filed December 31, 1931.]

[6 Pac. (2d) 891.]

JOHN   JOHNSTON, Appellant, v. MARGARET
SMITH, *alias* MARGUERITE   SMITH, and
E. L. GREEN, as Ex-Officio Town Site Trustee,
Appellees.

Mr. Harry J. Valentine and Mr. Charles McClenny, for Appellant.

Mr. George P. Stovall, for Appellees.

McALISTER, C. J.—In this action John Johnston seeks to recover from Margaret Smith the north fifty feet of lot 4, block 10, of the First Northside addition to the town site of Superior, Arizona, and from a judgment for defendant the plaintiff appeals.

The facts alleged in so far as necessary to a proper understanding of the case are these: In December, 1921, a tract of land consisting of about 36 acres adjoining the original town site of Superior, Arizona, was withdrawn from the Crook National Forest Reservation for town site purposes and on April 7, 1922, under the designation, the First Northside addition to the town site of Superior, entered in the United States Land Office as a town site by the judge of the superior court of Pinal county, *ex-officio* town site trustee. Between that date and March 30, 1923, he caused the land to be surveyed, platted into lots, blocks and streets, and a map thereof made and recorded in the office of the county recorder of Pinal county and following this notified all occupants of lots in the town site to file within ninety days from March 30, 1923, their respective statements of claims to lots.

Pursuant to this notice the plaintiff on April 24, 1923, executed and delivered his statement of claim to the north 50 feet of said lot four to H. H. Heiner, who was the representative or agent of the town site trustee, and at the same time paid said Heiner the legal fees and the purchase price therefor, which was accepted by him and has not been returned to the plaintiff by him or anyone else for him.

It appears further that on April 7, 1922, when the tract was entered as a town site, plaintiff was in possession of and actually occupying all of said lot 4, block 10, and had been for five years immediately preceding December 29, 1923; that at no time between March 30, 1923, and August 30, 1923, did defendant Smith make or deliver to the trustee or his agent, Heiner, any written statement of claim to the north 50 feet of said lot four, but, notwithstanding this, the town site trustee on December 29, 1923, executed and delivered to her a deed conveying the title to said north 50 feet, and ever since August 9, 1924, thereafter, she has been in possession of the same.

It is alleged also that between April 24, 1923, and August 30, 1923, plaintiff frequently requested said H. H. Heiner and Stephen H. Abbey, town site trustee, to set a time for hearing at which he could make proof of the facts set out in his statement of claim but that all these requests were refused; that there was a want of intrinsic fairness and honesty in these refusals, the plaintiff being given at no time an opportunity to make proof of his claim as required by paragraph 5292, Revised Statutes of 1913 (Civil Code); that with the intent to defraud this plaintiff out of said lot the defendant Smith prior to December 29, 1923, wilfully and dishonestly, knowing the same to be false, represented to said Heiner, as agent of the town site trustee, that plaintiff was an alien, ineligible to receive the title to said lot from the said

trustee and hold it; that she made oral claim only to the lot knowing she was not then an occupant or in possession thereof and had never been but that plaintiff at the time and for years prior thereto had occupied and been in actual possession of it.

The defendant demurred to this pleading upon several grounds, one of which was that it appeared upon its face that the cause of action therein alleged was barred by the provisions of paragraph 695, Revised Statutes of 1913 (Civil Code), in that it disclosed that the defendant Smith had been in peaceful and adverse possession of the north 50 feet of said lot four, under title or color of title for more than three years next preceding the commencement of the suit on December 11, 1928, and, hence, that the cause of action had accrued more than three years prior to that date. This demurrer was sustained and judgment for the defendant followed, the plaintiff having announced that he would not amend further but would stand upon his amended complaint. It is from this judgment that the appeal is prosecuted.

The only assignment is that the court erred in sustaining the demurrer to the amended complaint and in rendering judgment for the defendant. This assignment is based upon the contention that the three-year statute of limitations does not apply for the reason that the trustee's deed to defendant Smith is void, not voidable, and, therefore, constitutes neither title nor color of title within the meaning of this limitation statute which reads as follows:

"695. Every suit to be instituted to recover real property as against any person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action shall have accrued and not afterward.

"696. By the term 'title' as used in the preceding section, is meant a regular chain of transfer from or under the sovereignty of the soil, and by 'color of

title' is meant a consecutive chain of such transfer down to such person in possession without being regular, as if one or more of the memorials or muniments be not recorded or not duly recorded or be only in writing, or such like defect as may not extend to or include the want of intrinsic fairness and honesty, or when the party in possession shall hold the same by a land warrant or land scrip, with a chain of transfer down to him in possession.''

It is the plaintiff's position that since the complaint discloses that at the time of the entry of the land in question for town site purposes and for several years prior thereto he was the occupant of the land in dispute and that he filed his statement of claim thereto within the proper time after entry, paid the necessary fees and offered on numerous occasions to make the proof required by statute, the trustee was, under the town site laws, without any authority whatever to transfer the lot to anyone other than himself and, hence, that his deed conveying it to the defendant, who, according to the complaint, at no time occupied it or ever filed any statement of her claim thereto with the trustee, was wholly void and, therefore, did not constitute title, or even color of title, as prescribed in paragraphs 695 and 696, *supra*. This contention grows out of the construction appellant places upon the federal statute governing the manner of entering public land for town site purposes and the law of this state regulating the method of carrying into effect the trust thus created. The appropriate sections of the act of Congress referred to, numbers 2387 and 2391, Revised Statutes of United States, 14 U. S. Stats. at Large 541, 8 Fed. Stats. Ann. 641, 651 (43 U. S. C. A., §§ 718 and note, 721), read as follows:

"Sec. 2387. Whenever any portion of the public lands have been or may be settled upon and occupied as a town site, not subject to entry under the agricul-

tural preemption laws, it is lawful, in case such town be incorporated, for the corporate authorities thereof, and, if not incorporated, for the judge of the county court for the county in which such town is situated, to enter at the proper land-office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of the lots in such town, and the proceeds of the sales thereof, to be conducted under such regulations. as may be prescribed by the legislative authority of the State or Territory in which the same may be situated.'' .

''Sec. 2391. Any act of the trustees not made in conformity to the regulations alluded to in section twenty-three hundred and eighty-seven shall be void.''

The statutes regulating the manner in which the trust shall be executed in this state, which were in force when the town site in question was entered, namely, title 53, Revised Statutes of 1913 (Civ. Code 1913, pars. 5286–5318), make it the duty of the trustee to whom the town site patent is issued ''to dispose of and convey the title to such lands, or to the several blocks, lots, parcels or shares thereof to the persons hereinafter specified'' (paragraph 5286); and to give. him the information he must have to perform this duty it requires him to cause to be made a plat or map of the town site, which shall be submitted to and approved by the board of supervisors and then recorded in the office of the county recorder, and to follow this by ''giving notice of the entry of the land and requiring every claimant of any lot to file a statement of his claim in the office of the trustee on or before a specified day, which day shall be ninety days from the first publication'' (paragraph 5290). Thereupon it provides what this statement shall contain and then directs that within sixty days after the time for filing it has passed the claimant shall make proof of the facts alleged in his statement before the trustee

upon whom the duty of hearing it is enjoined, and if the proof complies with the statute the trustee shall enter a decision to that effect and then execute a good and sufficient deed conveying the lot to the claimant.

Under the act of Congress the trustee takes the legal title to a town site in his official capacity and holds it in trust for those who possess and occupy lots therein at the time the entry is made, and every such occupant becomes a beneficiary of the trust the moment the town site is entered and is vested with equitable ownership to the extent of his occupancy. *McCloskey* v. *Pacific Coast Co.*, (C. C. A.) 160 Fed. 794, 22 L. R. A. (N. S.) 673; *Winfield Town Co.* v. *Maris*, 11 Kan. 128; *Pascoe* v. *Green*, 18 Colo. 326, 32 Pac. 824; *Lockwitz* v. *Larson*, 16 Utah 275, 52 Pac. 279; *Clark* v. *Titus*, 2 Ariz. 147, 11 Pac. 312; *Goldberg* v. *Kidd*, 5 S. D. 169, 58 N. W. 574. But before he may execute and deliver a deed it is necessary, under the regulations which the legislature has prescribed pursuant to the act of Congress, that the claimant's proofs comply with the statute, that is, that they disclose that he, or his predecessor in interest if there be one, was the occupant of the land at the time of entry. When this appears his duty to convey is clear unless an adverse or conflicting claim has been filed, in which event paragraph 5296, Revised Statutes of 1913 (Civil Code), requires him to transmit the statements of both parties, along with the other papers in the case, to the clerk of the superior court where it is heard as any other contested matter. But if the proofs do not comply with the statute his duty is still clear and it is to refuse to convey, not to deed to some other person who has not brought himself within the town site statute. And since this is his duty the presumption that he performed it and that the proofs did so comply obtains when a deed has

been executed by him and delivered. The mere acts of executing and delivering a deed good upon its face are a declaration by him that before he did these two things he ascertained the facts necessary to show compliance on the part of the grantee with the regulations of the legislature. The rule applicable under such circumstances is clearly stated in the following excerpt from *Taylor* v. *Winona & St. P. R. Co.,* 45 Minn. 66, 47 N. W. 453:

"The execution of a deed to a part of a townsite by the judge, who is trustee for that purpose, is analogous to the grant of a patent by that department of the government whose province it is to supervise the various steps necessary to be taken to obtain title. The execution of a deed by the judge is in the nature of an official declaration and determination by him that all the requirements preliminary to the execution of a deed have been complied with, and that the person to whom it is issued is the person entitled to it. The doctrine of presumptions in favor of official acts obtains,—that the judge did his duty in all respects, and had required the grantee to show by legal proofs that he was the party entitled to a deed, and that he had complied with all the necessary prerequisites to its execution."

This court took the same view in *Singer Mfg. Co.* v. *Tillman,* 3 Ariz. 122, 21 Pac. 818, when it said:

"The probate judge, after entering such land, holds it in trust for the benefit of those actually occupying the townsite, and it is his duty to make deeds therefor to the actual occupants, respectively, and to none others, and when he has made a deed for any portion thereof to a person it will be presumed, in the absence of anything to the contrary, that he has made the deed to the proper person."

The following are among the many authorities to the same effect: *Downing* v. *Bartels,* 7 Colo. 256, 3 Pac. 225; *Green* v. *Barker,* 47 Neb. 934, 66 N. W. 1032; *Tucker* v. *Chicago, St. P., M. & O. Ry. Co.,* 91

Wis. 576, 65 N. W. 515; *Ming* v. *Foote,* 9 Mont. 201, 23 Pac. 515; *King* v. *McAndrews,* (C. C. A.) 111 Féd. 860; *Larned* v. *Jenkins,* (C. C. A.) 113 Fed. 634; *Cofield* v. *McClelland,* 83 U. S. (16 Wall.) 331, 21 L. Ed. 339; *St. Louis Smelting etc. Co.* v. *Kemp,* 104 U. S. 640, 26 L. Ed. 875; 32 Cyc. 853, 854.

Inasmuch, therefore, as the complaint discloses that the trustee conveyed the lot to the defendant by a deed regular upon its face and the presumption obtains that he did so after ascertaining that his grantee had complied with the town site regulations, there is under the practically unanimous holding of the courts no escape from the conclusion that the deed executed by him passed the legal title to the defendant. The federal town site act, it is true, makes it his duty to deed to the occupant, where there is one, and provides in addition that any act of his in violation of the regulations of the legislature shall be void, but this does not of itself make a deed regular upon its face and executed by him to one not within this class void. The trustee is the only person with jurisdiction and authority to issue deeds to town site lots and this fact gives a conveyance by him of such a lot the status of *prima facie* proof of the existence of the legal title in his grantee. This result would not follow, however, if the fact that at the time of entry the plaintiff was and the defendant was not an occupant appeared from the face of the deed and the necessity of showing it by matter *dehors* that instrument did not exist. When, however, the situation is such that this fact must be brought to the attention of the court before the invalidity of the deed is made to appear it is necessary that it be done in an equitable proceeding to cancel and set aside the deed, and this is true whether its execution was prompted by fraud, mistake, or an erroneous view of the law. *New Dunderberg Min. Co.* v. *Old,* (C. C. A.) 79 Fed.

598. But to permit it to be shown in an action at law to recover the real estate conveyed by the deed, such as we have here, would constitute a collateral attack upon the acts of the trustee in executing it and upon the deed itself, and, hence, violate the rule that such an attack may not be made upon a patent or a trustee's deed in either a proceeding at law or in equity. "As the trustee's deed," to use the language of 32 Cyc. 854, "evidences his determination of the existence of the facts warranting a conveyance, and that the person to whom the deed runs is the one entitled to receive it, such deed is not subject to collateral attack." In *Murphy* v. *Howard Copper Co.,* 28 Ariz. 42, 235 Pac. 147, this court said:

"The general rule undoubtedly is that the determination of the Land Department of the United States on questions of fact within its jurisdiction is binding on all courts, in the absence of allegations of fraud, mistake, or erroneous views of the law. But, even in such exceptions, no collateral attack may be made, but a direct proceeding must be brought to set aside the certificate or patent."

This court, it is true, has stated several times that the acts of a trustee in conveying a legal title to anyone, except an occupant at the time of entry or his successor, are *ultra vires* and void, and as applied to the facts with which the court was dealing this was undoubtedly correct. See *Martin* v. *Hoff,* 7 Ariz. 247, 64 Pac. 445; *City of Globe* v. *Slack,* 11 Ariz. 408, 95 Pac. 126; *Clark* v. *Titus,* 2 Ariz. 147, 11 Pac. 312. But in none of these cases was it confronted with a situation such as we have here, hence its language cannot be construed as authority for the contention that a trustee's deed to one other than an occupant at the time of entry and regular upon its face does not in an action to recover real property carry the presumption of validity. The fact that in a proper pro-

ceeding and upon a sufficient showing it would be held void does not make it so upon its face or deprive it of its character as *prima facie* evidence of title in an ejectment proceeding.

This being true there is no question but that the deed to defendant constitutes title within the meaning of the three-year limitation statute, provided defendant's possession under it began and continued throughout this period and was peaceable and adverse. She went into possession on August 9, 1924, and when this action was commenced on December 11, 1928, her possession had continued four years, four months and two days without being interrupted by an adverse action to recover the lot; hence, it was peaceable. Paragraph 703, Rev. Stats. 1913 (Civ. Code). It likewise appears that her possession, that is, her appropriation of the lot, which was actual and visible, commenced and continued under a claim of ownership by her, and that this claim was inconsistent with and hostile to the claim of the plaintiff that he was the owner because he was the occupant at the time of entry and thereafter complied with the regulations of the statute to entitle him to a deed; hence, her possession was adverse. Paragraph 704, Rev. Stats. 1913.

The question whether defendant held under color of title was not within the issues because her deed regular upon its face and not subject to attack except in a direct action to set it aside was a link in a regular chain of transfer from the sovereignty of the soil. Paragraph 696, Rev. Stats. 1913 (Civ. Code).

The conclusion is inevitable, therefore, that the three-year limitations statute was set in motion on August 29, 1924, when the defendant went into possession under her deed, and that inasmuch as this possession was not interrupted until the filing of this action over four years later, title by adverse posses-

sion had matured in her more than a year prior to its commencement. And it being clear that plaintiff's failure to act earlier could have no other result than this it is not apparent why he permitted defendant to remain in possession so long without taking action to protect his rights, unless it was the fact that he entertained the view that paragraph 700, Revised Statutes 1913 (Civil Code), providing that "every suit instituted to recover any lot or lots situate in a city or town against a person having a recorded deed therefor, who claims the ownership thereof and who has paid the taxes thereon, shall be instituted within five years next after the cause of action accrued and not afterwards," applied exclusively to actions to recover city or town lots. There was, however, no basis for this view, for whenever the facts bring an action to recover real estate within the provisions of the three-year limitation it applies, and this is true whether any other provision is applicable or not. One may set up several different statutes of limitation and deduce evidence applicable to each and when he has done this it is the function of the court to determine which is applicable. The fact that under the circumstances mentioned in paragraph 700, *supra,* a suit to recover a city or town lot may be instituted within five years from the accrual of the cause of action does not mean that an action to recover any real property, including a city or town lot, must not be instituted within three years from the time the cause of action arose if the person against whom it is brought has been in peaceful and adverse possession under title or color of title for this period. The facts that make these respective limitation periods applicable are not the same.

The order sustaining the demurrer was not error. The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.