439 P.2d 523

**Elma VAN ZANDT, as Trustee for the W. G. Tolleson Trust, Appellant,**

v.

**Bill CHAN and Woo Shee Chan, Appellees.**

**No. 1 CA–CIV 469.**

Court of Appeals of Arizona.

April 9, 1968.

Cox & Cox, by Alfred S. Cox, Phoenix, for appellant.

James A. Yankee, Phoenix, for appellees.

MOLLOY, Judge.

The sole question raised on this appeal is whether defendants-appellees had "title or color of title" to certain real estate during three-year period prior to the filing of this quiet title action.

The parties agree that in 1912, W. G. Tolleson and S. Aletha Tolleson, husband and wife, conveyed to the defendants' predecessors in interest the subject property and that said deed contained a "condition" that "* * * if intoxicating liquors were ever manufactured or sold on said real property it would revert to the Tollesons, their heirs, executors, or administrators."[1] The defendants' ownership in the subject land was acquired by conveyances which made the land "subject to * * * restrictions, conditions, and covenants * * *" in the original Tolleson deed. The plaintiff

---

1. The foregoing is a quote from plaintiff-appellant's opening brief to this court, with which the appellees take no issue. The actual wording of the conveyance is:

"The grantors grant, sell and convey said property subject to the following express conditions and stipulations, as to the use and enjoyment thereof by grantee, his heirs and assigns;

"First: That no intoxicating liquors shall ever be manufactured or sold upon said premises.
  *     *     *     *     *
"* * * that all covenants, conditions and stipulations herein contained, run with the land, and upon the breach of any one thereof the property shall revert to said grantors, their heirs, executors or administrators * * *."

is a successor in interest to the Tollesons. The plaintiff takes the position, which the defendants do not contest insofar as this appeal is concerned, that the sale of liquor upon the premises in December of 1959 caused the title to automatically revert to the plaintiff.

It is conceded on appeal that the defendants were in peaceable and adverse possession[2] of the subject real estate from December 1959 to the date of the filing of this action on April 2, 1963.

It is the plaintiff's contention that the court erred in holding the following statute of limitations to be applicable:

"A. An action to recover real property from a person in peaceable and adverse possession *under title or color of title* shall be commenced within three years after the cause of action accrues, and not afterward.

"B. 'Title' means a regular chain of transfer from or under sovereignty of the soil. 'Color of title' means a consecutive chain of such transfer down to the person in possession without being regular, as if one or more of the memorials or muniments is not recorded or not duly recorded or is only in writing, or such like defect as does not extend to or include the want of intrinsic fairness and honesty, or when the party in possession holds the real property by a land warrant or land scrip, with a chain of transfer down to him in possession." (Emphasis added) A.R.S. § 12–523.

No case has been called to our attention which is directly apposite to the problem presented. The plaintiff relies upon Easterling v. Murphey, 11 S.W.2d 329 (Tex.Civ.App.1928). This decision construed the Texas statute of limitations from which the subject Arizona statute was adopted. See Goldman v. Sotelo, 8 Ariz. 85, 91, 68 P. 558 (1902). *Easterling* holds that conveyances constituting a chain of title to a 77-acre parcel, which specified in their context that the grant was subject to a fee interest in certain children to an undivided 27-acre interest in the land, did not give the grantee "title or color of title" as to *this* undivided interest. The plaintiff seeks to analogize from this holding that inasmuch as the possibility of reverter[3] is recognized ("subject to") in the conveyances to the defendants, they had no title or color of title insofar as this future interest was concerned.

We see a significant difference between the defendants' title to this real estate and the title of the grantees in the *Easterling* decision. In *Easterling,* the chain of title itself indicated there was an outstanding proprietary interest not conveyed. Here, the conveyances are absolute and complete on their face except for "conditions" expressed which create a possibility of reverter upon the happening of certain contingent events of which the conveyances themselves give no clue as to when or whether such contingencies will occur. As far as the chain of title is concerned, all rights of immediate ownership are and have been in the defendants after December of 1959 to the same extent as before.

Our Supreme Court has said:

"In construing statutes of limitation appertaining to various subjects, and found in different parts of the general body of laws, reference should always be had to the object designed to be accomplished in fixing each period of limitation."

2. It has been held that the grantee in possession under a deed establishing a *defeasible estate does not hold adverse* to the grantor until such time as notice of the occurrence of the condition terminating the grantee's estate is brought home to the grantor. School District v. Hanson, 186 Iowa 1314, 173 N.W. 873 (1919), and also that a clear manifesta-

tion by the grantee of his intention not to perform the condition is a prerequisite to the application of a limitation statute. Union Pac. Ry. Co. v. Cook, 98 F. 281 (8th Cir. 1899).

3. That we are concerned with a "possibility of reverter" in the Tolleson heirs, see §§ 16, 23, 44 and 154 of the Restatement of the Law of Property.

O'Doherty v. Toole, 2 Ariz. 288, 294, 15 P. 28, 30 (1887).

We believe our legislature had in mind, in drafting this statute, the possession of land by a grantee holding under a chain of conveyances going back to the sovereignty of the soil which gives the appearance of ownership, when there is no "* * * want of intrinsic fairness and honesty * * *." In the subject statute, we see no legislative intent to dichotomize between "title" and "color of title" and this seems to be the view in Texas from whence we adopted this statute. Grigsby v. May, 84 Tex. 240, 19 S.W. 343 (1892); Thompson v. Cragg, 24 Tex. 582, 597 (1859).

In providing that "title or color of title" shall be the criterion for the application of this particular statute of limitations, it is obvious that the legislature had in mind something less than complete legal and equitable title. Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139 (1917). As the Texas Supreme Court stated with regard to the meaning of the word "title":

"As the term is used in this statute, it necessarily means something less than the paramount right to the land. The holder of such a right stands in no need of limitation for the establishment of the superiority of his claim. A statute of limitation of itself implies the existence of a better right than that possessed by the limitation claimant." 195 S.W. at 1142.

In Johnston v. Smith, 39 Ariz. 337, 6 P. 2d 891 (1931), our Supreme Court equated the requirement contained in this section with "legal title" (39 Ariz. at 343, 6 P.2d 891), holding that though a townsite deed might be "void" if "directly" attacked, it nevertheless gave sufficient status to the grantee in possession to invoke the protection of this particular section of our code.

We are unable to see why the defendants' status under an absolute conveyance subject to a "condition" such as this is less entitled to the protection of the three years limitation statute than the holder of "legal title" in *Johnston*. We do not regard this possibility of reverter, providing as it does for automatic forfeiture of ownership upon the happening of an event as transitory as the sale of one bottle of beer, to be a property right that should be given favored treatment. We hold that the trial court did not err in applying the three year statute of limitations.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: His cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.